**Erin R. O'CONNOR, Respondent,**

v.

**QUIKTRIP CORPORATION, Appellant.**

**No. WD 34839.**

Missouri Court of Appeals, Western District.

May 15, 1984.

**18**

Joseph Y. DeCuyper, Donnie R. Davis, Snowden & DeCuyper, Kansas City, for appellant.

Donald W. Petty, Feldhausen & Burke, P.C., Kansas City, for respondent.

Before SOMERVILLE, P.J., and CLARK and KENNEDY, JJ.

CLARK, Judge.

Quiktrip Corporation, defendant below, appeals from the order of the trial court which overruled Quiktrip's motion to vacate a default judgment or for a new trial as to damages. Reversed.

The case originated in a petition for damages filed by respondent, Erin R. O'Connor, on August 3, 1981 in which she alleged that some two years earlier, she had purchased a sandwich at a Quiktrip convenience store and had become ill because of foreign matter in the sandwich. Quiktrip was served with the summons and petition September 29, 1981. The papers were routed from Quiktrip's registered agent to its home office house counsel and were thereafter sent to the insurer, Aetna Life and Casualty. At some point in the last transmission, the papers were lost or misplaced and no answer to the suit was filed on behalf of Quiktrip.

A corporation known as Yum Food Products, alleged to have been the manufacturer of the sandwich, was also named and served as a defendant. It filed a timely answer and interrogatories and thereafter the cause lay dormant on the court's docket for some fifteen months. On January 31, 1983, O'Connor filed a dismissal of her case as to Yum Food Products, presented testimony as to her damages and was awarded a default judgment against Quiktrip in the amount of $20,000.00. The motion of Quiktrip to set aside the judgment was filed

February 14, 1983 and was overruled April 20, 1983 in the order which is the subject of this appeal.

In her petition for damages, the extent of O'Connor's allegation of injury was as follows: "plaintiff became seriously ill and suffered extreme physical and mental pain, to her damages in the sum of Twenty-Five Thousand Dollars." The evidence offered at the default hearing consisted of the testimony of O'Connor and her mother. Fairly summarized, that testimony established that O'Connor became ill after eating the sandwich, vomited several times, suffered nausea and the "dry heaves" for three days to one week. Subsequently, she has continued to be repulsed by certain foods, eats nothing which is prewrapped and always checks her food before eating it. There was no evidence of any medical treatment furnished to O'Connor on account of the incident and no claim or proof of any special damages or expenses incurred.

In the dispositive point on this appeal, Quiktrip contends that it is entitled to an adversary new trial on the issue of damages because the evidence of O'Connor at the default hearing was incompetent, insubstantial and not of probative force to sustain the award of $20,000.00.

■ A default nihil dicit admits the traversable allegations of the petition as to the cause of action pleaded, in effect admitting injury to the plaintiff by the violation of a legally protected interest, but the default does not admit that damages resulted from that injury. *Smith v. Sayles*, 637 S.W.2d 714, 717 (Mo.App.1982) and cases there cited. Where damages are unliquidated, the default does not admit the amount of damages claimed. *Sumpter v. J.E. Sieben Construction Company*, 492 S.W.2d 150, 153 (Mo.App.1973).

■ It is fundamental that an award for unliquidated damages must be supported by substantial evidence. The fact that the inquiry on damages may be by default does not excuse the requirement that probative evidence sustain the adjudi-

cation of the claim for damages. *Smith v. Sayles*, supra at 718. Moreover, the relief granted on default may not be other or greater than that which was sought by the pleading served on the defendant. *Matter of Estate of Scholz*, 615 S.W.2d 459, 462 (Mo.App.1981).

■ The petition in this case cannot by the most liberal construction be interpreted as claiming that O'Connor suffered any permanent injury or impairment nor did she claim to have sustained any monetary loss or expense. There was no evidence of any diagnosis or treatment by any physician, no medication taken and no lost time from employment. The proof, limited in content as it was, merely made a case of temporary stomach upset and nausea and a subsequent apprehension about prepackaged food products. We have no hesitancy in deciding that an award of $20,000.00 damages on the proof here was excessive and would constitute a manifest injustice if permitted to stand. *Smith v. Sayles*, supra at 718.

■ Rule 84.14 permits this court to enter such judgment as the trial court should have rendered, an alternative which would authorize a determination of such reduced amount of damages as the record adduced at the default hearing would support. We decline to resolve this case by that method, however, for two reasons essential in a fair disposition of the suit. First, it cannot be said with confidence that O'Connor presented all available evidence relevant to the damage issue. To the contrary, the record suggests a lack of emphasis on preparation and presentation in favor of reliance on the default character of the hearing. Respondent should have the opportunity to present all of her damage evidence for consideration in arriving at an award.

Of equal importance as a second factor is the entitlement of Quiktrip to present its evidence in mitigation of damages or even to defeat an award against it by proof that O'Connor suffered no damage by reason of the conduct of Quiktrip. *Smith v. Sayles*, supra at 719. On remand, of course, either

party is entitled to demand that the assessment of damages be by a jury. *State ex rel. Landmark KCI Bank v. Stuckey,* 661 S.W.2d 58, 61 (Mo.App.1983).

The judgment is affirmed as to the adjudication of liability against appellant, the judgment is reversed as to the award of damages and the cause is remanded for a new trial on the issue of damages only. The costs are divided equally between the parties.

All concur.