**James CROWE, Plaintiff–Appellant,**

v.

**Charlie CLAIRDAY and Amvet Post No. 135, Defendants–Respondents.**

No. 19564.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 21, 1995.

Fred O'Neill, Perkins Law Office, L.L.C., Thayer, for plaintiff-appellant.

No appearance for defendants-respondents.

GARRISON, Presiding Judge.

Plaintiff appeals the trial court's dismissal of his first amended petition against Defendants. In that pleading, Plaintiff alleged that the Defendants owned and operated a tavern in Oregon County, Missouri, known as "Charlie's," which sold intoxicating beverages to the public; that while he was a patron in the tavern Defendants and their agents, servants and employees served intoxicating beverages to other unnamed persons who became "obstreperous, boisterous, and prone to violent action" which was known or should have been known to Defendants or their employees; and that the unnamed persons assaulted and beat Plaintiff causing him permanent injury. He further alleged that the Defendants were negligent in permitting the unnamed persons to remain on the premises when they knew or should have known that on prior occasions those persons had been prone to violent action against patrons of the tavern; in serving those persons intoxicating beverages when they knew or should have known from prior occasions that they were prone to violent action after drinking intoxicating beverages; in permitting the persons to remain on the premises after they had engaged in violent action toward patrons on the date in question; and in failing to protect Plaintiff from the assault by said persons or to aid him after the assault commenced. He further alleged loss of income, past and future medical expense, and an entitlement to punitive damages.

Plaintiff requested a default judgment after both Defendants failed to plead in response to the suit.[1] After hearing evidence, the trial court found that "Plaintiff's evidence is not sufficient to sustain his petition and said petition is, therefore, dismissed."

Because we have determined that Plaintiff's second point is dispositive, we need not discuss the first point. The second point is as follows:

> The trial court erred by finding Plaintiff/Appellant's evidence did not support his petition when such a finding was against the weight of the evidence.

■ Initially, we note that Rule 84.04(d),[2] as construed in *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978) and a multitude of other cases, requires three things with respect to a point relied on, to wit: (1) a statement of the action or ruling of the trial court about which the party complains; (2) a statement that specifies why the ruling was erroneous; and (3) a statement informing the appellate court wherein the evidence, the lack of it, or other matters support the position the party asserts the trial court should have taken. *See Carrier v. City of Springfield,* 852 S.W.2d 196, 198 (Mo.App.S.D.1993).

■ Plaintiff's point is clearly in violation of Rule 84.04(d). A point which states that a judgment is against the weight of the evidence without explaining wherein and why that is so presents nothing for appellate review. *See Nishwitz v. Blosser,* 850 S.W.2d 119, 121–122 (Mo.App.E.D.1993); *Brown v. Mercantile Bank of Poplar Bluff,* 820 S.W.2d 327, 339 (Mo.App.S.D.1991). This deficiency would justify our refusal to consider the point on appeal. *See Bentlage v. Springgate,* 793 S.W.2d 228, 231 (Mo.App.S.D.1990).

■ In the interests of justice, however, we may decide points when their basis is cognizable from the argument section of the brief. *First Assembly Church of West Plains v. Ticor Title Ins. Co.,* 872 S.W.2d 577, 582 (Mo.App.S.D.1994). In the instant case, we believe we are able to discern the basis of Plaintiff's contention from the argument section of the brief and will therefore review it for error. We have chosen to do so because of our desire to decide cases on the merits, being mindful, however, of the often stated, but frequently ignored, admonishment that faulty points relied on can and sometimes do result in dismissal of appeals. *See White v. White,* 846 S.W.2d 212, 214

---

1. Likewise, both Defendants have failed to file briefs in this court.

2. All references to rules are to Missouri Rules of Civil Procedure (1994).

(Mo.App.S.D.1993); *Cheatham v. Melton,* 593 S.W.2d 900, 903 (Mo.App.E.D.1980).

■■ A default judgment should not be entered for a party if his petition fails to state a cause of action. *Phillips v. Bradshaw,* 859 S.W.2d 232, 234 (Mo.App.S.D. 1993). Our review of Plaintiff's petition in the instant case reveals that it stated a cause of action under the principles of substantive law announced in *Gregorc v. Londoff Cocktail Lounge,* 314 S.W.2d 704 (Mo.1958); *Thiele v. Rieter,* 838 S.W.2d 441 (Mo.App.E.D.1992); *Nappier v. Kincade,* 666 S.W.2d 858 (Mo. App.E.D.1984); and *Durbin v. Cassalo,* 321 S.W.2d 23 (Mo.App.E.D.1959).

■ A default *nihil dicit* admits the traversable allegations of a petition as to the cause of action pleaded. *O'Connor v. Quiktrip Corp.,* 671 S.W.2d 17, 19 (Mo.App.W.D. 1984). The default in effect admits injury to the plaintiff by the violation of a legally protected interest, but where the damages are unliquidated, it does not admit that damages resulted from that injury and there must still be proof of the damages claimed. *Id. See also Smith v. Sayles,* 637 S.W.2d 714, 717–718 (Mo.App.W.D.1982); *Sumpter v. J.E. Sieben Construction Co.,* 492 S.W.2d 150, 153 (Mo.App.W.D.1973).

■ The cause of action pleaded by Plaintiff in the instant case was founded on the negligence of Defendants in not protecting him from other patrons, and not on the commission of an intentional tort by Defendants. In a negligence case, a plaintiff has no claim unless he proves damages. *O'Brien v. Mobil Oil Corp.,* 749 S.W.2d 457, 459 (Mo.App.E.D. 1988) (Satz, C.J., concurring).

In the instant case, Plaintiff contends that he was entitled to a judgment because of the uncontradicted evidence of his injuries and damages. Our review of the record indicates that Plaintiff testified that he was struck with a "leaded club" between the shoulder and neck and was beaten to the point of losing consciousness; he awoke in the parking lot with emergency medical personnel inserting a tube in his throat; he was confined in the hospital overnight; he was off work for six weeks; he had numbness in three fingers which affected his ability to work; and that he had incurred medical bills and was in need of additional medical attention. This evidence, together with the fact that by defaulting Defendants had admitted liability on the claim, clearly indicated that Plaintiff was entitled to some award for damages.

■ We are empowered by Rule 84.14 to enter such judgment as the trial court should have entered. We do not choose to do so in the instant case. The trial court is in a far better position to weigh credibility and other intangibles which are important in assessing the amount of damages. We do, therefore, reverse the order dismissing the petition and remand this case to the trial court for further proceedings. In doing so, we are cognizant that the trial judge who originally heard this matter has since retired and that an additional hearing on the issue of damages may be required. In conducting any such hearing, the provisions of Rule 74.05(a) and (b) shall apply. If it is determined that Plaintiff is entitled to damages as a result of the incident in question, a judgment should be entered in his favor in the amount so determined. Upon remand, however, for the benefit of the trial court and counsel, we note that it is necessary that an award of unliquidated damages against defaulting parties must be supported by substantial evidence. *O'Connor v. Quiktrip Corp.,* 671 S.W.2d at 19.

PREWITT and PARRISH, JJ., concur.