Delmira QUARLES, Appellant, Pro Se,

v.

RICHMAN GORDMAN STORES,
INC., Respondent.

No. WD 59905.

Missouri Court of Appeals,
Western District.

Nov. 27, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 29, 2002.

Application for Transfer Denied
March 19, 2002.

Delmira Quarels, Kansas City, pro se.

Theresa A. Otto, Kansas City, for respondent.

Before HOLLIGER, P.J., ULRICH and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Delmira Quarles appeals a Labor and Industrial Relations Commission decision

affirming her workers' compensation award against the Richman Gordman Stores, Inc., f/k/a The Half–Price Store (Employer). We dismiss her appeal for failure to comply with Rule 84.04.[1]

### Facts and Procedural Background

Delmira Quarles began working as a sales representative at a Half Price Store in Kansas City, Missouri in November 1987. On August 22, 1988, she was climbing a ladder and lifting boxes at work when her wrist gave out, resulting in severe pain. The Employer referred Quarles to Dr. Gerald Dugan, an orthopedic specialist, for treatment on September 15, 1988.

Dr. Dugan diagnosed Quarles with Quervain's disease (stenosing tenosynovitis) of the left wrist, prescribed anti-inflammatory medication and placed her left hand and forearm in a splint. Dr. Dugan next examined Quarles on September 30, 1988, and released her to return to work with the splint. On August 30, 1989, Dr. Dugan gave Quarles a full release to return to work without restriction and without further treatment. Dr. Dugan concluded that Quarles suffered a 1% to 2% permanent partial disability of her left wrist.

Prior to a workers' compensation hearing before the Administrative Law Judge (ALJ), Quarles and the Employer stipulated that the determinative issues were limited to: (1) whether Quarles suffered any disability and, if so, the nature and extent of her disability; and (2) whether the Employer must provide Quarles with additional medical care.

At the hearing on June 20, 2000, Quarles testified she currently suffered pain in her hand radiating into her shoulder. She ob-tained a paralegal degree in 1990, but felt she was no longer able to work because of pain in her hand. On cross examination, Quarles admitted that she was no longer working due to arm and hand injuries she sustained in a 1993 automobile accident. She also admitted that her work at Sprint, following her employment at the Half Price Store, caused problems with her left hand and wrist.

The ALJ declined to admit hearsay evidence Quarles presented from independent physicians who had assessed her disability at a higher rating than Dr. Dugan. Based on the evidence presented, the ALJ found that Quarles sustained an injury while working at the Half–Price Store in 1988 and awarded her a five percent (5%) permanent partial disability to her left upper extremity at the 175–week level, resulting in 8.75 weeks of disability in the amount of $882.88.

The Labor and Industrial Relations Commission affirmed the ALJ's decision after oral argument. Quarles filed a Notice of Appeal to this Court. After notification of failure to timely file her appellate brief under Rule 84.08, she avoided dismissal of the appeal by subsequently filing her brief within the time extended by the Court.

### Standard of Review

■ If this Court is able to reach the case merits, we will review the decision of the Labor and Industrial Relations Commission and set it aside only upon a determination that it is not supported by substantial and competent evidence; or, even if supported by such evidence, it is clearly contrary to the overwhelming weight of the evidence contained in the record. *Davis v. Research Med. Ctr.*, 903 S.W.2d 557, 565 (Mo.App. W.D.1995). Otherwise, the Commission's award is to be affirmed. *Id.*

---

1. All rule citations are to the Missouri Rules of Civil Procedure (2001).

### Analysis

We find it difficult to discern Quarles' specific claims of error because Appellant's Brief fails to comply with Rule 84.04(d). This rule requires that appellant's "Points Relied On" identify what actions or rulings of the court are to be reviewed and concisely state why they constitute reversible error. "The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Hall v. Mo. Bd. of Prob. and Parole,* 10 S.W.3d 540, 543 (Mo.App. W.D.1999).

Quarles raises one point on appeal. Her Point Relied On states:

> **THE COMMISSION ERRED IN ENTERING SUMMARY JUDGMENT IN FAVOR OF THE ADMINISTRATIVE LAW JUDGE BECAUSE THE COMMISSION FAIL TO ACKNOWLEDGE THE STATUTES WHICH PERTAIN TO FRAUD, TIME LIMIT IN REPORTING AN INJURY/INJURIES, IN REQUEST FOR MEDICAL RECORDS IN STATUES FROM INJURIES WHICH OCCURRED IN 1988, AND SECOND INJURY FUND**

While Quarles has identified the ruling challenged and given vague legal reasons for that challenge, she has failed to indicate why or how those legal reasons support her claim of reversible error under the facts of this case, as Rule 84.04(d) requires. Further, her Point Relied On is not set out in the form required by the rule. Quarles' Point is "so nebulous that it is impossible to identify" the claims she attempts to raise. *Id.* at 544. The argument section of her brief largely appears in stark outline form and brings no clarity or issue development to the Point Relied On. Both the argument heading and the argument itself fail to "intelligibly disclose the issues [she] is pursuing on appeal." *Id.*

Deficient points relied on preserve nothing for this court to review and are grounds for dismissal on appeal. *Id.* Appellate courts require compliance with Rule 84 to ensure they do not become advocates by speculating on facts and arguments that have not been asserted. *Wilson v. Carnahan,* 25 S.W.3d 664, 667 (Mo.App. W.D.2000). Consequently, even the *pro se* litigant such as Quarles is held to the same procedural rules as attorneys and will not receive preferential treatment regarding compliance, despite this Court's sensitivity to the problems faced by such litigants. *Id.*

We decline to become an advocate for Quarles by searching the record to discover whether the factual and procedural history of this case offers her any basis for appeal. Because her Point Relied On preserves nothing for review, we dismiss the appeal for failure to comply with Rule 84.04(d).

All concur.