Craig M. **FANSHER**, Appellant,

v.

**DIRECTOR OF REVENUE**, State of Missouri, Respondent.

No. WD 63441.

Missouri Court of Appeals, Western District.

Nov. 2, 2004.

Jeffrey S. Eastman, Gladstone, MO, for appellant.

Cheryl Caponegro Nield, Asst. Attorney General, Jefferson City, MO, for respondent.

Before JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Judge.

Appellant Craig Fansher appeals from a judgment entered in the Circuit Court of Platte County affirming the Director of Revenue's revocation of Appellant's driver's license pursuant to § 577.041.[1] Appellant contends that the Director failed to produce sufficient evidence to establish that the arresting officer had reasonable grounds to believe that Appellant had been operating a motor vehicle while intoxicated. Because the record in this case is insufficient to allow for reasonable appellate review, the appeal must be dismissed.

Appellant bears the burden of providing a record on appeal that allows for meaningful appellate review. *Wright v. Director of Revenue*, 50 S.W.3d 344, 346 (Mo.App. S.D.2001). "Rule 81.12(a) provides that the record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented." *Bastain v. Brown*, 28 S.W.3d 494, 495 (Mo.App. E.D. 2000). "This rule requires an appellant to file a transcript and prepare a legal file so that the record contains all the evidence necessary for a determination of the questions presented to the appellate court for a decision." *Id.*

While claiming that the State failed to present sufficient evidence establishing that the arresting officer had reasonable grounds to believe that Appellant had been driving the parked vehicle in which the officer found him, Appellant has not provided this court with a sufficient record from which we can properly assess the validity of that claim. Appellant asserts that the trial court's decision was based solely upon the arresting officer's report contained in the Director's records and that no testimony was heard by the court, but Appellant does not provide any citation to the record to support that assertion, and nothing in the record, which does not contain a copy of the trial transcript, establishes that the evidence before the trial court was limited to the Director's records or otherwise provides any indication as to what evidence was submitted to the trial court.[2]

Without the trial transcript or something else in the record establishing what evidence was admitted at trial, this Court cannot ascertain what, if any, evidence was presented at trial that might support a finding that the officer had probable cause to be believe that Appellant had been driving the vehicle. "Clearly we cannot review evidentiary sufficiency claims without knowing the evidence presented[.]" *Pierson v. Laut*, 113 S.W.3d 298, 300 (Mo.App. E.D.2003).

In the absence of a sufficient record, there is nothing for this court to review, and the appeal must be dismissed. *Bastain*, 28 S.W.3d at 495; *Pierson*, 113 S.W.3d at 300; *Lewis v. Allstate Ins. Co.*, 131 S.W.3d 451, 453–54 (Mo.App. W.D. 2004).

ALL CONCUR.

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

2. The sufficiency of the record, while not actively challenged by the Director, was not conceded either. In her brief, the Director merely states, "The trial court apparently considered the matter on the Director's records," and proceeds to address Appellant's argument on the merits. The Director notes in a footnote that Appellant's failure to include a transcript on appeal deprives this Court of any explanation as to how or why a portion of the arresting officer's narrative has been blacked out.