**STATE of Missouri, Respondent,**

v.

**In the Interest of S.A.N., Appellant.**

**No. WD 63532.**

Missouri Court of Appeals,
Western District.

March 29, 2005.

as moot.

Robert E. Stephens, Kansas City, MO, for appellant.

James E. Herbertson, Kansas City, MO, for respondent.

Before HOLLIGER, P.J., BRECKENRIDGE and ELLIS, JJ.

PATRICIA BRECKENRIDGE, Judge.

S.A.N. appeals from a judgment entered by the Circuit Court of Jackson County, Juvenile Division, ("juvenile court") sustaining the juvenile officer's petition, which alleged that S.A.N. committed acts which, if S.A.N. were tried as an adult, would be the crime of deviate sexual intercourse, in violation of section 566.062, RSMo 2000. On appeal, S.A.N. claims that the juvenile court erred in finding that he committed acts for which he would have been criminally liable if tried as an adult because the juvenile officer failed to present sufficient evidence that the prohibited touching was done for the purpose of sexual gratification, a required element under sections 566.062, RSMo 2000, and 566.010, RSMo Cum.Supp.2004. Because the record in this case is insufficient to allow this court to review S.A.N.'s claim, the appeal is dismissed.

**Factual and Procedural Background**

On the evening of July 16, 2003, J.R. ("Mother") and her husband ("Father") took two of their seven children to drill team practice. While they were gone, Mother and Father's five other children, including the eight-year-old victim, S.T., remained at home under the supervision of S.T.'s cousin. S.A.N., a neighbor of the family, was also there.[1] At one point during the evening, while S.T. was alone in her parent's bedroom watching television, S.A.N. joined S.T. in the bedroom. S.A.N. sat down on the bed next to S.T., placed his hand on S.T.'s leg, reached underneath S.T.'s shorts and underwear, and placed

---

1. S.A.N. was sixteen years old at the time of the incident.

his finger in her vagina. After the incident, S.A.N. left the room. S.T.'s cousin saw S.A.N. leave the room and, when he went into the bedroom, he found S.T. crying.

When S.T.'s parents returned, S.T. told Father that she had something red in her underwear. Father told her to go see Mother. When Mother examined S.T., she found blood in her pants and on her vagina. S.T. told Mother that S.A.N. had touched her. After calling the police, Mother took S.T. to Children's Mercy Hospital.

On July 17, 2003, the juvenile officer filed a petition against S.A.N., alleging that S.A.N. committed acts which, if S.A.N. were tried as an adult, would be the crime of deviate sexual intercourse, in violation of section 566.062, RSMo 2000. On October 28, 2003, following trial, the juvenile court commissioner found that the evidence sustained the facts alleged in the petition, the court had jurisdiction over S.A.N., and S.A.N. was in need of the care and treatment of the court. The commissioner's written findings and recommendations were transmitted to the family court administrative judge, who adopted the commissioner's findings and recommendations and entered judgment. The juvenile court committed S.A.N. to the custody of the juvenile officer for placement in a residential facility and ordered him to complete a sexual offender's program. S.A.N. filed this appeal.

## Insufficient Record on Appeal

In his sole point on appeal, S.A.N. claims that the juvenile court erred in finding that he committed acts for which he would have been criminally liable if tried as an adult, i.e., he had deviate sexual intercourse with S.T. Specifically, he asserts that the juvenile officer failed to present sufficient evidence that the prohibited touching was done for the purpose of sexual gratification, a required element under sections 566.062, RSMo 2000, and 566.010, RSMo Cum.Supp.2004.[2] At trial, the juvenile officer argued that the evidence supported the element of intent to sexually arouse because S.A.N. told S.T. not to tell anyone. In addition, the juvenile court commissioner noted, on the record, that there was "testimony that [S.T.] was told not to tell anybody." S.A.N. argues, however, that S.T. did not testify that she was told not to tell and was not even asked whether S.A.N. told her not to tell.

■ This court agrees with S.A.N. that, in the record presented on appeal, there is no evidence that S.T. testified that S.A.N. told her not to tell anyone. Nor does the record on appeal reflect that any other witness provided such evidence. The record on appeal, however, does not include all of the evidence that was presented at the hearing. Specifically, the record on appeal does not include the videotape of S.T.'s interview with the Child Protection Center social worker. This videotape was offered by the juvenile officer, admitted into evidence, and played during the hearing. Without this evidence, this court is left to speculate as to whether it supports

**2.** Section 566.062.1, RSMo 2000, provides: "[a] person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." Section 566.010(1), RSMo Cum.Supp.2004, defines deviate sexual intercourse as:

[A]ny act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person[.]

or contradicts S.A.N.'s claim on appeal. This court, however, is "'bound by the record on appeal and cannot speculate as to what evidence may have been presented below which is not reflected by the record.'" *In re Marriage of Michel,* 142 S.W.3d 912, 927 (Mo.App.2004) (citation omitted).

■ S.A.N., as the appellant, "bears the burden of providing a record on appeal that allows for meaningful appellate review." *Fansher v. Dir. of Revenue,* 147 S.W.3d 873, 874 (Mo.App.2004). Rule 81.12(a) states that "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented ... to the appellate court for decision." [3]

■ Specifically, this court "cannot review evidentiary sufficiency claims without knowing the evidence presented[.]" *Fansher,* 147 S.W.3d at 874 (citation omitted). Without all of the evidence that was presented to the juvenile court, this court is unable to properly review S.A.N.'s claim that the evidence was insufficient to establish that the prohibited touching was done for the purpose of sexual gratification. "In the absence of a sufficient record, there is nothing for this court to review, and the appeal must be dismissed." *Id.* Accordingly, S.A.N.'s appeal is dismissed.

All concur.

---

3. Under Rule 110.04, juvenile proceedings are "governed by the practice and procedure customary in equity, and by Rules 41 through 101 to the extent not inconsistent with these rules." *See also In the Interest of D.J.B.,* 704 S.W.2d 217, 218 (Mo. banc 1986) ("The Rules of Civil Procedure generally apply to juvenile proceedings.").