CITY OF PLATTSBURG, Respondent,

v.

**Dennis DAVISON, Appellant.**

No. WD 64551.

Missouri Court of Appeals, Western District.

Nov. 15, 2005.

---

Dennis Davison, Gladstone, MO, pro se.

Katharine S. Shepherd–Porter, Liberty, MO, for respondent.

Before HARDWICK, P.J., BRECKENRIDGE and SPINDEN, JJ.

PATRICIA BRECKENRIDGE, Judge.

Dennis Davison appeals the decision of the circuit court that found him guilty, in a trial de novo, of exceeding the posted speed limit, in violation of Plattsburg Municipal Ordinance 320.010. On appeal, Mr. Davison asks this court to reverse the judgment of the circuit court or, in the alternative, "order a new trial with a change of venue." This court dismisses Mr. Davison's appeal because Mr. Davison's brief and the record are so inadequate as to prevent appellate review.

## Factual and Procedural Background

On October 14, 2003, Mr. Davison was traveling westbound on Highway 116 in Plattsburg. The posted speed limit on this section of Highway 116 is thirty-five miles per hour. Mr. Davison was stopped and cited by Officer Shannon Hess for traveling forty-seven miles per hour. The ticket was dated the preceding day, October 13, 2003. On the ticket, Mr. Davison was assigned a court date of November 6, 2003. Mr. Davison appeared in Plattsburg Municipal Court and contested the citation. At trial in the municipal court, Mr. Davison was found guilty of exceeding the posted speed limit. Mr. Davison appealed this decision to the Circuit Court of Clinton County for a trial de novo. At his trial in circuit court, Mr. Davison claimed that he should not be found guilty because Officer Hess was parked illegally, under section 307.110, RSMo 2000, at the time he observed Mr. Davison violating the speeding ordinance.[1] Additionally, Mr. Davison asserted the citation contained a mistake that undermined the validity of the citation. Specifically, Mr. Davison argued that he should not be found guilty, because the actual date that he was in Plattsburg was October 14, 2003, and not October 13, 2003, as the citation read.

In its ruling, the circuit court found that, even if the requirements of section 307.110 applied to law enforcement vehicles and Officer Hess was illegally parked without the lighting required by the statute, the legality of the officer's parking had "no bearing upon the issue of [Mr. Davison's]

---

1. All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise indicated.

rate of speed." Further, although the circuit court found that Officer Hess was mistaken and the correct date of the citation should have been October 14, 2003, the circuit court found this error to be "insubstantial." The circuit court utilized Rule 55.33 to deem the information amended "to conform to the evidence." The circuit court then found Mr. Davison guilty of exceeding the posted speed limit and granted Mr. Davison time to file a motion for new trial before imposing sentence.

Instead of filing a motion for new trial, Mr. Davison appealed the judgment of the circuit court to this court. Because the circuit court had not yet imposed a sentence, however, the appeal was premature. Therefore, this court remanded the case back to the circuit court for sentencing. On September 8, 2004, the circuit court sentenced Mr. Davison to pay a fine of $150 and court costs of $24.50, for a total of $174.50. Mr. Davison filed this appeal. Thereafter, the City of Plattsburg filed a motion to strike Mr. Davison's brief or, in the alternative, a motion to dismiss Mr. Davison's appeal for failure to comply with Rule 84.04. The City's motion will be considered in ruling on the case.

### Briefing Deficiencies Preclude Review of First Point on Appeal

On appeal, Mr. Davison requests this court to "reverse the decision of the Circuit Court or order a new trial with a change of venue." Before this court can address the merits of Mr. Davison's claims, however, the court must address the City's motion to strike Mr. Davison's brief or dismiss the appeal.

■ A brief may be so deficient that this court lacks jurisdiction to hear the appeal. *Jenkins v. Manpower on Site at*

*Proctor & Gamble,* 106 S.W.3d 620, 623 (Mo.App.2003). A brief is deficient if it fails to comply with Rule 84.04. *Id.*[2] "Appellate courts require compliance with Rule 84 to ensure they do not become advocates by speculating on facts and arguments that have not been asserted." *Quarles v. Richman Gordman Stores, Inc.,* 68 S.W.3d 452, 454 (Mo.App.2001). Even when, as here, a party is not represented by counsel, the *pro se* litigant "is held to the same procedural rules as attorneys and will not receive preferential treatment regarding compliance, despite this [c]ourt's sensitivity to the problems faced by such litigants." *Id.*

■ Under Rule 84.04(d)(1)(A)-(C), an appellant's Points Relied On must identify the trial court ruling or action being challenged; "state concisely the legal reasons for the appellant's claim of reversible error;" and "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Mr. Davison's first point relied on states:

> The trial court erred in entering Summary Judgment in favor of the City of Plattsburg because the Court based its decision upon evidence presented that was obtain[ed] during the commission of an unlawful act (RSMO 542.420), in that RSMO 307.110 does apply to police and/or emergency vehicles and the evidence should have been ruled inadmissible.

Mr. Davison's point relied on identifies the trial court's ruling or action that he is challenging as the trial court's summary judgment. No summary judgment was entered by the trial court, so he fails to accurately identify the ruling or action

---

**2.** A pro se appellant challenging his conviction for violation of a municipal ordinance must comply with Rule 84.04. *City of Kansas City v. Piercy,* 97 S.W.3d 513 (Mo.App.2002).

challenged, as required by Rule 84.04(d)(1)(A).

Further, he refers to section 542.420, RSMo Cum.Supp.2004, which relates to the interception of wire communications.[3] This statute has no application to the present case. Here, this court is reviewing the circuit court's decision finding Mr. Davison guilty of exceeding the posted speed limit. The instant case in no manner involves wire communications. Because the statute is inapplicable, Mr. Davison fails to "state concisely the legal reasons" supporting his first point relied on and fails to explain how those legal reasons support his claim. Rule 84.04(d)(1)(B)-(C). As a result of these two deficiencies, Mr. Davison's first point relied on does not comply with Rule 84.04(d)(1).

■ Under Rule 84.04(e), the brief must also contain an argument section that discusses the point relied on. "An argument should show how the principles of law and the facts of the case interact." *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218 (Mo. App.1999). Where "the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss[ing] the appeal." *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo.App.1999).

In his first point on appeal, Mr. Davison appears to argue that the trial court improperly considered inadmissible evidence. Yet, Mr. Davison cites no relevant legal authority explaining why the evidence was inadmissible, i.e., authority that evidence obtained by a police officer who violated section 307.110 or a similar statute is inadmissible. Rather, Mr. Davison cites section 542.420, RSMo Cum.Supp.2004, a statute addressing the interception of wire communications. As noted above, this statute has no application to this case. He also cites section 542.190, which likewise has no application to this case.[4] Moreover, Mr. Davison fails to explain why no relevant legal authority is available to support his argument. Consequently, Mr. Davison's first point on appeal does not comply with Rule 84.04(e).

Rule 84.04(e) also requires "a concise statement of the applicable standard of review for each claim of error." Mr. Davison's brief does not contain any reference to a standard of review and, therefore, is in further non-compliance with Rule 84.04(e). Because of these deficiencies, Mr. Davison's first point on appeal fails to meet the requirements of Rule 84.04. *See Hardin v. State*, 51 S.W.3d 129, 131 (Mo. App.2001) (dismissing *pro se* litigant's appeal because the point relied on did not comply with Rule 84.04(d) and the argu-

3. Section 542.420, RSMo Cum.Supp.2004, states:

Whenever any wire communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a state, or a political subdivision thereof if the disclosure of that information would be in violation of sections 542.400 to 542.422.

4. Section 542.190 states:

No sheriff of a county, mayor of a city or other private person authorized by law to appoint special deputies, marshals or policemen in this state to preserve the public peace and quell public disturbances shall appoint as special deputies, marshals or policemen any person who is not a resident of this state and who has not been a resident of this state for at least three years prior to his appointment.

ment did not include applicable standard of review as required by Rule 84.04(e)).

### Deficiencies of Briefing and Record Preclude Review of Second Point on Appeal

In his second point relied on, Mr. Davison claims:

> The trial court erred in performing its judicial duties without bias or prejudice because its decision was worded falsely, prejudice was selectively evident, and bias toward the Prosecution was evidenced in that its decision contained wording not in evidence, selectively allowed mistaken testimony not to compromise the Officer's entire testimony, and displayed unprofessional familiarity with the Prosecuting Attorney.

As noted above, in order to comply with Rule 84.04(d)(1)(A)-(C), an appellant's point relied on must identify the trial court ruling or action being challenged; "state concisely the legal reasons for the appellant's claim of reversible error;" and "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Mr. Davison's second point relied on does not identify the trial court ruling or action being challenged, state the legal reasons for his claim of error, or explain why, in the context of the case, the legal reasons support his claim of error. Thus, Mr. Davison's second point relied on does not comply with Rule 84.04(d)(1).

■ "Where possible, ... [this court's] preference is to dispose of a case on the merits rather than to dismiss an appeal for deficiencies in the brief." *Podlesak v. Wesley*, 849 S.W.2d 728, 731 (Mo.App.1993). "In the interests of justice" this court "may decide points when their basis is cognizable from the argument section of the brief." *Crowe v. Clairday*, 893 S.W.2d 400, 402 (Mo.App.

1995). Unlike Mr. Davison's first point, the argument section of Mr. Davison's second point is sufficient to permit this court to understand the basis of his claim. From Mr. Davison's argument section, it appears that Mr. Davison's claims are that the trial court erred because the findings in its judgment were not supported by the evidence; it believed some, but not all, of Officer's Hess's testimony; it told Mr. Davison that questions concerning the municipal court were not admissible; it was biased and prejudiced in favor of the prosecutor; and that Officer Hess committed perjury. Consequently, despite the general "admonishment that faulty points relied on can and sometimes do result in dismissals of appeals[,]" this court will examine Mr. Davison's claims. *Id.*

■ Mr. Davison first asserts in his argument that the trial court made the finding that "Mr. Davison testified that the incident actually occurred on October 14, 2003," when there was no evidence in the record to support this finding. Unfortunately, Mr. Davison did not file, in the record on appeal, a transcript of the circuit court trial. Without a record of the evidence at trial, it is impossible to review his claim that there was no evidence to support the trial court's finding. It is the appellant's burden to file a record on appeal that is sufficient to permit the appellate court to review the appellant's claims of error. Rule 81.12. "In the absence of a sufficient record, there is nothing for this court to review, and the appeal must be dismissed." *Fansher v. Dir. of Revenue*, 147 S.W.3d 873, 874 (Mo.App.2004). While Mr. Davison's argument section permits us to understand his claim, without a proper record, we cannot review it. Accordingly, this claim is dismissed.

■ Mr. Davison next claims in his argument that the trial court erred when it believed Officer Hess's testimony as to "the identify of the defendant" and "the number read-out of his radar unit." He asserts the trial court should not have found this testimony credible since the trial court believed that Officer Hess was mistaken about the date of the incident. In support of this argument, he does not cite any authority. "An argument should show how the principles of law and the facts of the case interact." *Carroll*, 6 S.W.3d at 218. Mr. Davison likely did not cite any authority for his claim because the law is to the contrary. "Credibility of the witnesses and the weight to be given to their testimony is for the trial court, which is free to believe none, part, or all of the testimony of any witness." *Coursen v. City of Sarcoxie*, 124 S.W.3d 492, 494 (Mo. App.2004). Therefore, the trial court was entitled to disbelieve the part of Officer Hess's testimony concerning the date of the incident and believe other portions of his testimony. *Id.* In any event, as with the previous point, Mr. Davison did not file, in the record on appeal, a transcript of the circuit court trial. Without a proper record, this court cannot review Mr. Davison's claim. *Fansher*, 147 S.W.3d at 874. Consequently, this claim is dismissed.

■ Mr. Davison next claims that the trial court was biased and prejudiced in favor of the prosecutor. He argues that the record demonstrates the trial court's bias and prejudice when the trial court referred to the city prosecutor as "Katie" Shepherd–Porter, rather than "Katharine" Shepherd–Porter. Mr. Davison did file the transcript of the sentencing hearing in the record on appeal. That transcript includes the statement of the trial court that Mr. Davison believes demonstrates the trial court's bias in favor of the prosecution. The trial court stated, "And City of Platts-

burg appears by Katie Shepherd–Porter." At all other times during the hearing, the trial court referred to the city prosecutor as "Ms. Shepherd–Porter." The only authority he cites is Rule 2.03, Canon 3B(2), (5), E(a) in support of his claim that the trial court's conduct is in violation of a judicial canon, but Mr. Davison does not explain how Canon 3B supports his claim or, specifically, how it prohibits the trial court's conduct. "When a party fails to develop a point relied on in the argument section, it is deemed abandoned." *Lack v. Payne*, 151 S.W.3d 862, 867 (Mo.App.2004). While this court can use Mr. Davison's argument section to understand the basis of his claim, this court cannot become an advocate for Mr. Davison by developing his argument for him. *Quarles*, 68 S.W.3d at 454. Mr. Davison's argument section does not provide authority that explains why the trial court's use of the prosecutor's nickname amounts to reversible error. Mr. Davison neither explains this absence of authority, nor explains why the facts of this case amount to a violation of Cannon 3B. Mr. Davison may not cite such authority because it is unlikely that the referenced canon is violated by a trial court utilizing an individual's nickname for the person's first name, rather than the person's formal first name, when stating an attorney's appearance in court. In any event, Mr. Davison has not adequately developed this claim and, consequently, it must be dismissed. *Lack*, 151 S.W.3d at 867.

Mr. Davison's last two claims in his second point relied on are that the trial court erred when it told him that questions concerning the municipal court trial were not admissible in the circuit court trial and that Officer Hess committed perjury when he testified at trial that the traffic violation occurred on October 13, 2003, since he had testified in municipal court that the offense occurred on October 14, 2003. These

claims cannot be reviewed because Mr. Davison failed to file a transcript of the circuit court trial. "In the absence of a sufficient record, there is nothing for this court to review, and the appeal must be dismissed." *Fansher*, 147 S.W.3d at 874.

Finally, Mr. Davison's second point on appeal fails to provide a statement of the applicable standard of review, as required by Rule 84.04(e). Because of these deficiencies, Mr. Davison's second point on appeal is dismissed. *See Piercy*, 97 S.W.3d at 514 (dismissing *pro se* litigant's claim where legal file was incomplete, no legal authority was cited and claim was not explained).

"Where possible, ... [this court's] preference is to dispose of a case on the merits rather than to dismiss an appeal for deficiencies in the brief." *Podlesak*, 849 S.W.2d at 731. In this case, however, the deficiencies in Mr. Davison's brief and the legal record are so substantial that, to conduct any meaningful review, this court "would be forced to speculate ... as to the facts and arguments being relied on[.]" *Lemay v. Hardin*, 108 S.W.3d 705, 709 (Mo.App.2003). Therefore, this court must decline review. *Id.* The City's motion to dismiss Mr. Davison's appeal is granted. Mr. Davison's appeal is dismissed.

All concur.