In the Estate of Paul L. SOMMERER, Deceased,

Verna Mae Menteer, Personal Representative,

v.

Paul O. Sommerer, Appellant,

Leroy James Sommerer, Respondent.

No. WD 66658.

Missouri Court of Appeals, Western District.

Oct. 9, 2007.

Rehearing Denied Nov. 20, 2007.

Paul O. Sommerer, Jefferson City, MO, pro se.

James W. Gallaher, III, Esq., Jefferson City, MO, for Verna Menteer.

Dale C. Doerhoff, Esq., Jefferson City, MO, for Leroy J. Sommerer.

RONALD R. HOLLIGER, Presiding Judge.

Paul O. Sommerer appeals the denial by the probate court of his claim for the value of services rendered to his deceased father, Paul L. Sommerer. Sommerer's *pro se* brief completely fails to comply with Rule 84.04. His Point Relied On simply asserts that the trial court erred in ruling against him because he and his father had an agreement that he would be compensated for his services in caring for him. Rule 84.04(d) requires that the Point state the legal reason for the claim of reversible error. In this court-tried case, Sommerer does not point to any lack of evidence to support the claim, that the verdict was against the weight of the evidence, that the court erroneously applied the law, or any other error by the trial court.

More egregious is his failure to cite *any* legal authority in support of his claim. A *pro se* appellant is held to the same standards as counsel. *Quarles v. Richman Gordman Stores, Inc.,* 68 S.W.3d 452, 454 (Mo.App. W.D.2001). It is not the

function of the court to serve as an advocate for a party, represented or not. *Id.*

Sommerer's brief is so deficient that we are unable to conduct a review of his appeal. The appeal is, therefore, dismissed.

HAROLD L. LOWENSTEIN and JAMES M. SMART, JR., JJ., concur.