Justin OLSEN and Robert
Singleton, Appellants,

v.

LIBERTY GROUP MISSOURI
HOLDINGS, INC.,
Respondent.

No. WD 67791.

Missouri Court of Appeals,
Western District.

Feb. 5, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 25, 2008.

Application for Transfer Denied
May 20, 2008.

Michael P. O'Neill, Florissant, MO, for appellant.

Jean Ann Maneke, Kansas City, MO, for respondent.

PAUL M. SPINDEN, Judge.

Justin Olsen and Robert Singleton appeal the circuit court's judgment in which it directed a verdict for Liberty Group Missouri Holdings, Inc., in Olsen's and Singleton's lawsuit against Liberty Group for defamation. This lawsuit emanated from an article published during January 2001 by a newspaper owned by Liberty Group, the *Lake Sun Leader*. The article castigated Continental Inn, a Lake Ozark motel owned by Olsen and Singleton, by reporting that Wally Schrock, Lake Ozark's city planner, had said that the motel "was completely unfit for human occupancy" and "totally unsafe."

At the trial on Olsen's and Singleton's claim, the circuit court directed the verdict for Liberty Group. It declared that Olsen and Singleton had not made a submissible case because their evidence did not establish that *Lake Sun Leader* published Schrock's statements with actual malice.

■ Olsen and Singleton complain in this appeal that the circuit court erred in directing the verdict for Liberty Group on this basis. Olsen and Singleton, however, did not provide a transcript for our review, in violation of Rule 81.12(a). Because a transcript is necessary to adjudicate the issues raised by Olsen and Singleton, we dismiss their appeal.

■ Olsen and Singleton had the burden of providing a sufficient record that allows this court to engage in meaningful appellate review. *Fansher v. Director of Revenue*, 147 S.W.3d 873, 874 (Mo.App. 2004). Rule 81.12(a) says:

> The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision. In order to reduce expense and expedite the preparation of the record on appeal, it is divided into two components, i.e. the "legal file" and the "transcript." ... The transcript shall contain the portions of the proceedings and evidence not previously reduced to written form.

Rule 81.12(a) obligated Olsen and Singleton to provide this court with a legal file and transcript that would enable us to determine whether or not the circuit court erred.

■ Without these records, we are unable to review the circuit court's judgment. Even were we to conclude that the circuit court erred in requiring Olsen and Singleton to prove that *Lake Sun Leader* published the article with actual malice, we would be unable to review the circuit court's judgment. A circuit court should enter a directed verdict when the plaintiff fails to make a submissible case, *Intertel, Inc. v. Sedgwick Claims Management Services, Inc.*, 204 S.W.3d 183, 199 (Mo.App. 2006), or when the defendant establishes his affirmative defense as a matter of law. *Damon Pursell Construction Company v. Missouri Highway and Transportation Commission*, 192 S.W.3d 461, 475 (Mo. App.2006). In reviewing a judgment based on a directed verdict, however, we are required to affirm the judgment if we discern any ground, including one not asserted by the circuit court, on which it can be upheld. *Warren Davis Properties V, L.L.C. v. United Fire and Casualty Company*, 111 S.W.3d 515, 525 (Mo.App.2003).

In its judgment, the circuit court directed the verdict for Liberty Group on the basis that Liberty Group asserted an affirmative defense that it had a qualified privilege to print information of public concern and that Olsen and Singleton were required to establish actual malice to overcome this privilege. Even if Olsen and Singleton were correct that the circuit court erred in granting the directed verdict on this basis, we would be obligated to determine whether or not the record supported grant of a directed verdict on any other basis. *Id.* For this review, we would need to examine the transcript. Without a transcript, we are unable to determine whether or not Olsen and Singleton made a submissible case for defamation or whether or not Liberty Group established another affirmative defense as a matter of law.

We, therefore, dismiss Olsen's and Singleton's appeal.

VICTOR C. HOWARD, Chief Judge, and RONALD R. HOLLIGER, Judge, concur.