**Micky D. MEYER, Appellant,**

v.

**James SMITH d/b/a Fresh Air, Respondent.**

**No. ED 93044.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 8, 2009.

William W. Cheeseman, Noelle I. Cheeseman, Mark A. Kragel, Troy, MO, for Appellant.

James Smith, Warrenton, MO, pro se.

### OPINION

GLENN A. NORTON, Presiding Judge.

Micky D. Meyer ("Plaintiff") appeals the judgment granting a directed verdict in favor of James Smith d/b/a Fresh Air ("Defendant") on Plaintiff's claims for violations of the Missouri Merchandising Practices Act and tortious interference with a credit expectancy. We dismiss the appeal.

### I. BACKGROUND

Plaintiff filed a third-party petition against Defendant alleging violations of the Missouri Merchandising Practices Act and tortious interference with a credit expectancy. After Plaintiff presented evidence to a jury in support of his claims, Defendant filed a motion for directed verdict. Defendant's motion for directed verdict was based upon five grounds: (1) Plaintiff did not prove a prima facie case; (2) Plaintiff did not prove that Barbara Sigman was an employee and not an independent contractor; (3) Plaintiff did not prove he was damaged; (4) Plaintiff did not prove any correlation between James Smith and Fresh Air; and (5) Plaintiff's recovery depended on agency of Defendant's employee.

The trial court granted Defendant's motion for directed verdict on the grounds that Plaintiff did not prove any correlation between James Smith and Fresh Air. Subsequently, Plaintiff filed a motion to set

---

1. All statutory references are to RSMo.2007 Cum.Supp., unless otherwise indicated.

aside the directed verdict, which the trial court denied. Plaintiff appeals.

## II. DISCUSSION

Plaintiff raises two points on appeal. In both points, Plaintiff claims the trial court erred in granting a directed verdict in favor of Defendant on the grounds that Plaintiff did not prove any correlation between James Smith and Fresh Air. As set forth below, we dismiss Plaintiff's appeal due to his failure to provide a transcript for our review.

Plaintiff had the burden of providing this Court with a sufficient record that allows us to engage in meaningful appellate review. *Olsen v. Liberty Group Missouri Holdings, Inc.,* 250 S.W.3d 720, 721 (Mo.App. W.D.2008). Rule 81.12(a)[1] provides:

> The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision. In order to reduce expense and expedite the preparation of the record on appeal, it is divided into two components, i.e. the "legal file" and the "transcript." . . . The transcript shall contain the portions of the proceedings and evidence not previously reduced to written form.

Rule 81.12(a) required Plaintiff to provide us with a transcript that would enable us to determine whether the trial court erred in directing a verdict in favor of Defendant. *Olsen,* 250 S.W.3d at 721.

Without the transcript, we are unable to review the trial court's judgment. *Id.* A trial court should enter a directed verdict when a plaintiff fails to make a submissible case or the defendant establishes an affirmative defense as a matter of law. *Id.* "In

reviewing a judgment based on a directed verdict, however, we are required to affirm the judgment if we discern any ground, including one not asserted by the [trial] court, on which it can be upheld." *Id.*

Thus, even if Plaintiff is correct that the trial court erred in granting a directed verdict on the grounds that he did not prove any correlation between James Smith and Fresh Air, we would be obligated to determine whether or not the record supported a grant of a directed verdict on any other basis asserted in Defendant's motion. *Id.* In order to make this determination, we would need to examine the transcript. *Id.* Without a transcript, we are unable to determine whether or not Plaintiff made a submissible case or Defendant established an affirmative defense as a matter of law. *Id.*

Plaintiff did not provide a transcript for our review and therefore is in violation of Rule 81.12(a). *Id.* Because a transcript is necessary to adjudicate the merits of Plaintiff's points on appeal, we dismiss his appeal. *Id.*

## III. CONCLUSION

The appeal is dismissed.

MARY K. HOFF and LAWRENCE E. MOONEY, JJ., concur.

---

1. All references to Rules are to Missouri Supreme Court Rules (2009).