**Pamela KIMBLE, Respondent,**

v.

**William MUTH, Appellant.**

**Nos. WD 65880, WD 66260.**

Missouri Court of Appeals,
Western District.

Oct. 31, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 19, 2006.

Catherine Earnshaw–Hobbs, Lee's Summit, MO, for appellant.

John K. Allinder, Independence, MO, for respondent.

Before HOWARD, P.J., and ELLIS and HARDWICK, JJ.

VICTOR C. HOWARD, Presiding Judge.

This appeal involves a dissolution of marriage decree and attendant settlement agreement. The decree awarded respondent (Wife) a portion of appellant's (Husband's) military retired benefit "equal to 50% of [Husband's] disposable retired pay." The court later issued a Judgment For the Division of Disposable Military Retirement Pay directed to the United States Office of Personnel Management from which Husband appeals. Husband also appeals the trial court's award of $2,500 for Wife's attorney's fees and costs on appeal. Husband attempts to argue that the court erred because Wife was awarded assets that were not marital assets, that it had no subject-matter jurisdic-

tion, and that the court lacked jurisdiction to award attorney's fees.

This court is left in the unfortunate circumstance of being unable to grant or deny relief on the merits due to Appellant–Husband's failure to comply with requirements of Rule 84.04.[1] He also fails to support his arguments with relevant legal authority.

The procedural history of this appeal is pocked with instances of Husband's failure to comply with the Missouri rules of appellate procedure. Husband attempted to file his first brief on January 6, 2006. It was not accepted because it did not comply with Rule 84.04(h) requiring an appendix and it also incorrectly stated opposing counsel's address. These errors were corrected and Husband attempted to file the brief again on January 25, 2006. His brief was again rejected. This time the computer diskette was missing, thus violating Rule 84.06(g). This was eventually remedied and the brief filed. On January 31, 2006, the entire brief was struck because Husband neglected to substantially comply with Rule 84.04(d) concerning Points Relied On by not using the formula provided in the rule: "The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]."[2] We gave Husband an additional fifteen days to file an acceptable brief. The resubmitted brief remains unable to survive without significant judicial life-support.

We cannot currently reach the merits of this case without substantially deviating from our standard procedure and the Missouri Supreme Court Rules. Judicial bias is not only curtailed by the selection of qualified, honest judges but also by the creation of jurisprudential rules and institutions that do not easily lend themselves to bias. A hallmark of the common-law system of justice is its adversarial nature. It is worth noting several of this system's primary advantages along with some of the benefits of enforcing the Supreme Court Rules, which give greater definition to our adversarial institutions.

■ The adversarial process clearly defines and distinguishes the roles of the advocates and the ultimate legal decision-maker. Judges are not advocates; they are free to impartially evaluate conflicting arguments. *Quarles v. Richman Gordman Stores, Inc.,* 68 S.W.3d 452, 454 (Mo. App. W.D.2001). A court is not charged with the dual responsibilities of posing questions to which it then provides answers. Rather, the parties frame the issues to be offered for judicial resolution. It both restrains the decision-maker's discretion and provides structure for the advocates, which in turn facilitates argument.

The adversarial process, operating at full throttle, coupled with compliance to our standards of appellate briefing, provides the court with more complete understanding of the relevant issues. It also allows the opposing party to develop counter arguments. See *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978) (stating a clear Point Relied On has "the threshold function of giving notice to the party opponent of the precise matters

---

1. All citations to rules refer to Missouri Supreme Court Rules (2006) unless stated otherwise.

2. For example, "Point I. The trial court erred in that it ordered that 50% of appellant's

military retirement benefit earned *after* the court had entered its judgment dissolving the marriage of the parties be set aside to respondent as her sole and separate property."

which must be contended with and answered. Absent that, it is difficult, at the very least, for respondent's counsel to properly perform his briefing obligation."). When arguments are fully briefed and supported with authority, opposing counsel can better argue their own position.

Enforcement of specific briefing requirements also reduces instances where the court is required to create precedent based upon incomplete and unsupported arguments. Generally, appellate decisions should be saved for the day when two parties can fully argue their case with coherent opposing arguments. Ruling on a matter that is deficiently briefed hinders good decision-making and increases the chances that a holding will have unintended consequences.

We now turn to Husband's most recent attempt at satisfactorily submitting a brief. The brief still does not substantially comply with the Rules. The central deficiency is its failure to cite available precedent in the argument section. However, before we examine that omission we will briefly note other briefing defects.

Husband fails to state for each argument the standard of review in violation of Rule 84.04(e).[3] Furthermore, he violates Rule 84.04(d)(5) concerning the list of cases following a Point Relied On in two ways.[4] He fails to cite the statutory authority on which he relies and, secondly, cites a case which he does not even mention in the argument portion of his brief. Husband cites 10 U.S.C. § 1408, a federal statute governing the distribution of military retired pay. However, the statute is not listed immediately after the Point Relied On in violation of Rule 84.04(d)(5).

Furthermore, in the third Point Relied On Husband does not follow the directives of Rule 84.04(d). It is debatable whether the third point relied on follows the previously mentioned format outlined in Rule 84.04(d)(1)(C).[5] While there is no explicit requirement that a Point Relied On be drafted with clarity, doing so would go a long way in facilitating compliance with Rule 84.04(d)(1)(C). More importantly, this 209-word Point Relied On ruptures the outer limit for a "concise" Point Relied On as required by Rule 84.04(d)(1)(B).[6]

3. This rule requires: "The argument shall also include a concise statement of the applicable standard of review *for each* claim of error." (Emphasis added.)

4. Rule 84.04(d)(5) states: "Immediately following each 'Point Relied On,' the appellant ... shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies."

5. He states:
   Point III. The trial court erred in entering it's [sic] judgment in favor of wife/respondent for attorney's fees and costs on appeal so the wife/respondent could support the court's order for the division of disposable military retired pay in which the court awarded 50% of appellant's disposable military retired pay earned after the date on which the court granted a dissolution of the marriage of the parties because the trial court lacked jurisdiction to enter the order for attorney fees and costs on appeal to wife to assist her in defending the order for the division of disposable military retired pay in which the court awarded wife one-half of that part of appellant's disposable military retired pay earned after the court granted a dissolution of the parties [sic] marriage in that since the court exceeded its jurisdiction when it entered the order for the division of disposable military retired pay in which it awarded wife one-half of that portion of appellant's disposable military retired pay earned after the date of the dissolution of the parties' marriage, and hence, said order for the division of disposable military retired pay was a void order, the order granting attorney fees and costs to support that void order is also a void order.

6. This is not to say that all 209-word Points Relied On will automatically violate Rule 84.04(d).

This Point Relied On gives neither this court nor Wife a clear understanding of the issues Husband intends to develop.

■ Untethered to the requirements in Rule 84.04(d), Husbands ventures beyond Rule violations and effectively abandons his issues by failing to cite to relevant legal authority in the argument section. Where "the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss[ing] the appeal." *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo.App. S.D.1999); *see also* Rule 84.04(d)(4) ("Abstract statements of law, standing alone, do not comply with this rule.") The Rules also support this proposition. "[A]llegations of error not ... properly briefed shall not be considered in any civil appeal...." Rule 84.13(a). A deficient argument section is grounds for dismissal. *Pate v. St. Louis Indep. Packing Co.*, 428 S.W.2d 744, 751 (Mo.App. 1968) (overturned on other grounds). Furthermore, lists of cases standing alone prior to the argument section do not allow the court to remain detached nor do they suggest to opposing counsel the legal principles to be distilled from the precedent nor how the precedent relates to the case.

■ An appellant need not cite to and discuss precedent in all circumstances. "[I]f the point advanced is not a matter of first impression and is not simply a matter of logic or policy or analysis of statutory or documentary language," then the point will not be deemed abandoned. *Thummel*, 570 S.W.2d at 687. The current case is not one of first impression; Husband admits as much during oral arguments. Nor is it one of logic or policy. Even in a case of pure statutory construction, the holding in

*Thummel* does not require us to reach the merits of this case. "If the point is one for which precedent is appropriate and available, it is the obligation of appellant to cite it if he expects to prevail." *Id.* When *Thummel* states that no citation to authority is required for the interpretation of statutory language, it references only those instances where the statute has not yet been interpreted.[7] Husband admits he is not the first to question the interpretation of the statutes involved in this case and is obligated to cite previous attempts to interpret them and distinguish if necessary.

■ Our preference is to overlook minor errors in briefs to reach the merits of the case. "Where possible, ... [this court's] preference is to dispose of a case on the merits rather than to dismiss an appeal for deficiencies in the brief." *Podlesak v. Wesley*, 849 S.W.2d 728, 731 (Mo. App. S.D.1993). "In the interests of justice" this court "may decide points when their basis is cognizable from the argument section of the brief." *Crowe v. Clairday*, 893 S.W.2d 400, 402 (Mo.App. S.D. 1995). Nevertheless, "[i]t is not within this Court's province, however, to speculate about, then decide, arguments that are not asserted or that are merely asserted but not developed." *State v. Hendricks*, 944 S.W.2d 208, 210 (Mo. banc 1997). While the rules should be liberally interpreted to hear the merits of the case, at minimum some reference to authority is generally necessary. *State ex rel. Mayfield v. Joplin*, 485 S.W.2d 473, 476 (Mo. App. S.D.1972). This court is not in a position to reach the merits of this case. We have such a tenuous understanding of

---

**7.** *Thummel* noted that under an absolute rule holding that if there is no citation the court can never reach the merits, that new statutes would never be enforced because there would be no case law interpreting them. 570 S.W.2d at 687. This is not such a case.

Husband's argument that we could not arrive at an even-handed ruling.

■ Furthermore, even if a brief violates Rule 84.04 or fails to support its arguments with relevant precedent, the appellate court still may choose, in its discretion, to reach the merits of the case if there is a sole issue whose answer is obvious. *See Milanko v. Austin,* 362 Mo. 357, 241 S.W.2d 881, 882 (1951) (where single, obvious question was reached despite disregard for briefing formalities). Here, the appellant hints at interesting arguments regarding the subject-matter jurisdiction of the court, ambiguous dissolution judgments, and the validity of a settlement agreement relying on an improper divorce decree. These are not simple issues and cannot therefore be answered without both parties properly briefing the issues and arguing their position.

This court is not in the practice of striking briefs after an occasional error of citation, spelling, grammar, or usage. However, when a brief is so defective as to require us and opposing counsel to hypothesize about the appellant's argument and precedential support for that argument, we cannot reach the merits. By doing so we would run the risk of creating poor precedent and manipulating the adversarial process. In this case, Husband's brief does not substantially comply with Rule 84.04 and his arguments are unsupported by relevant authority. They are thus deemed abandoned.

The appeal is therefore dismissed.

ELLIS and HARDWICK, JJ., concur.