Siobaughn NICHOLS, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. WD 75412.

Missouri Court of Appeals, Western District.

June 4, 2013.

Siobaughn Nichols, Appellant Pro-se.

Sara H. Harrison, for Respondent.

Before Division Four: JAMES E. WELSH, Chief Judge, VICTOR C. HOWARD, Judge and MARK D. PFEIFFER, Judge.

VICTOR C. HOWARD, Judge.

Siobaughn Nichols appeals from a decision of the Labor and Industrial Relations Commission denying her application for unemployment benefits. The Commission denied Ms. Nichols's application on the ground that her employer discharged her for misconduct connected with work, and therefore she was not eligible for benefits. Because of significant deficiencies in Ms. Nichols's appellate brief, we dismiss the appeal without reaching the merits of the Commission's benefits determination.

Ms. Nichols appeals *pro se*. Ms. Nichols's brief contains multiple violations of Rule 84.04 and preserves nothing for review. "Rule 84.04 sets forth various requirements for appellate briefs and compliance with these requirements is 'mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made.'" *Leonard v. Frisbie*, 310 S.W.3d 704, 706 (Mo.App. W.D.2010) (quoting *Brown v. Ameristar Casino Kansas City,*

*Inc.*, 211 S.W.3d 145, 147 (Mo.App. W.D. 2007)). " 'Violations of Rule 84.04 are grounds for a court to dismiss an appeal.' " *Id.* (quoting *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App. E.D.1999)). An appellant who proceeds *pro se* " 'is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs.' " *Moreland v. Div. of Emp't Sec.*, 273 S.W.3d 39, 41 (Mo.App. W.D. 2008) (quoting *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 603 (Mo.App. W.D.2008)).

■ First, Ms. Nichols's statement of facts fails to comply with Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Tavacoli v. Div. of Emp't Sec.*, 261 S.W.3d 708, 710 (Mo.App. W.D.2008) (internal quotes and citations omitted). Ms. Nichols's statement of facts does not contain a fair and concise statement of the facts relevant to the questions presented. It omits many facts necessary to a determination of the appeal, containing instead just three facts, all essentially procedural in nature and not helpful in answering any question she attempts to present on appeal: "On March 24, 2011 Appellant receive[d] a certified letter stating an investigation is ongoing concerning her employment, and not to return to work until f[u]rther notice. On [M]arch 30[,] 2011 Appellant received another letter stating she was terminated from her employment[.] On April 12[,] 2011 Appellant applied for unemployment." Appellant's Brief, 4 (internal citations omitted).

Ms. Nichols's sparse factual history does not afford a complete and unbiased understanding of the facts of the case, and gives no indication of her claims of error or the facts upon which they are based. These deficiencies fail to preserve Ms. Nichols's claims for appellate review. *City of Lee's Summit v. Cook*, 337 S.W.3d 757, 758 (Mo. App. W.D.2011).

Next, Ms. Nichols's point relied on fails to comply with the requirements of Rule 84.04(d). Rule 84.04(d) requires each point to "(A) identify the administrative ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." In her sole point, Ms. Nichols fails to explain in summary fashion why, in the context of her case, her legal reasons support her claim of reversible error. The final portion of her point on appeal, which apparently attempts to do so, reads, "violation of work rule is not the dispositive proof of misconduct connected with work the decision runs contrary with Missouri laws there[fore] appellant should not [have] been denied unemployment benefits." This statement does not make clear why Ms. Nichols contends that the Commission's decision was not supported by the facts or the evidence on the record. "Under Rule 84.04, it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Martin v. Div. of Emp't Sec.*, 384 S.W.3d 378, 384 (Mo.App. E.D.2012) (internal quotations omitted). Speculation on an appellant's arguments is not permitted by the appellate courts because such speculation would "cast the court in the role of an advocate for the appellant." *Id.*

Moreover, Ms. Nichols's point relied on fails to comply with the requirement of Rule 84.04(d)(5) that "[i]mmediately following each 'Point Relied On,' the appellant

... shall include a list of cases, *not to exceed four*, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." (emphasis added). Ms. Nichols's point relied on is followed by a list of eight cases, and only one of those is cited in her argument section, and the other case cited in her argument section does not appear on the list of cases following her point relied on.

Furthermore, Ms. Nichols's argument is defective. Ms. Nichols's argument section fails to substantially follow the order of the point relied on and to restate it at the beginning of the section as required by Rule 84.04(e). "We do not review arguments and issues raised in the argument under a point that are not fairly encompassed by that point." *Dubose v. City of St. Louis*, 210 S.W.3d 391, 394 (Mo.App. E.D.2006) (internal citation omitted).

Also, the "argument should demonstrate how principles of law and the facts of the case interact." *Scott v. Potter Elec. Signal Co.*, 310 S.W.3d 311, 312 (Mo.App. E.D. 2010). Ms. Nichols's argument instead consists of the following assertions: (1) the evidence supporting the Commission's decision was "false testimony giv[en] by Tom Carr in the transcripts[,]" (2) "[a]ppellant had good cause to leave work," (3) "[a]ppellant ... did not have any intention [of] being terminated from work[,]" (4) "[a]ppellant ... arrived back to work the following day to ... perform her job duties[,]" and (5) "[a]ppellant ... inform[ed] her supervisor of her family crisis and need to leave work [i]n accordance [with the] Liberty School District employee handbook." Ms. Nichols fails to further develop these assertions and arguments with any clear explanation of how the applicable legal rules pertain to the facts of her case. As such, Ms. Nichols' argument section is "so defective as to require us and opposing counsel to hypothesize about the appellant's argument and precedential support for that argument[.]" *Kimble v. Muth*, 221 S.W.3d 419, 424 (Mo.App. W.D. 2006). Therefore we are unable to reach the merits of her argument section.

Finally, Ms. Nichols does not include a concise statement of the applicable standard of review for her claim as required by Rule 84.04(e).

■ Occasionally, non-compliant briefs of *pro se* appellants are reviewed *ex gratia*. *Moreland*, 273 S.W.3d at 41; *Tavacoli*, 261 S.W.3d at 708. However, an abandoned claim is generally only reviewed where the argument is readily understandable. *Id.* Such is not the case here. While the preference is to decide an appeal on the merits, where a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached. *Moreland*, 273 S.W.3d at 42. To address the merits of this appeal, this court would have to become an advocate for Ms. Nichols by searching the record for the relevant facts of the case, speculating about the possible claims of error, and crafting a legal argument on her behalf. This we cannot do.

Accordingly, the appeal is dismissed.

All concur.