MARY W. SHEFFIELD, C.J.— CONCURS

**Mary I. GREEN, Appellant,**

v.

**Shara D. SHIVERDECKER,**
**Respondent.**

**WD79844**

Missouri Court of Appeals,
Western District.

OPINION FILED: February 14, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 2017

F. Randall Waltz III, Jefferson City, MO, for appellant.

Jonathan C. Browning, Jefferson City, MO, for respondent.

Before Division Three: Karen King Mitchell, Presiding Judge, Victor C. Howard, Judge and Gary D. Witt, Judge

Gary D. Witt, Judge

Appellant Mary I. Green ("Green") appeals from the grant of summary judgment by the Circuit Court of Cole County in favor of Respondent Shara D. Shiverdecker ("Shiverdecker"). In her petition, Green asserted two causes of action: (Count 1) Petition in Equity for Reformation of Written Agreement and for Declaratory Judgment Determining Balance Due; and (Count 2) Alternative Petition for Declaratory Judgment Confirming Termination of Written Agreement and for Writ of Ejectment. Green raises four points on appeal. Based on violations of Rule 84.04 we dismiss the appeal.

 Before proceeding further, we will take up Shiverdecker's Motion to Dismiss. Shiverdecker filed her Motion to Dismiss seeking the dismissal of Green's appeal for her failure to comply with Rules 84.04(c),[1] 84.04(d), and 84.04(e). Having reviewed Shiverdecker's Motion to Dismiss and the briefing submitted by Green, we find that we must dismiss the appeal.

 The most egregious deficiency in Green's briefing before this Court is the complete and utter failure to comply with Rule 84.04(c).

Rule 84.04(c) requires the statement of facts to be a fair and concise statement of the facts relevant to the questions presented for determination without argument. [*In re Marriage of Shumpert*, 144 S.W.3d 317, 320 (Mo. App. E.D. 2004).] "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 [ (Mo. App. E.D. 1998).] *In re Marriage of Weinshenker*, 177 S.W.3d 859, 862 (Mo. App. E.D. 2005). To say that the brief contains an actual statement of facts is generous. The "Statement of Facts" begins with a factual and procedural background narrative that is prefaced with a statement that it is for background information only and accurately states that it contains no citations to the record. The next section of the brief appears to be an attempt at an actual "Statement of Facts" and consists of the Rule 74.04(c) numbered paragraphs set forth in Shiverdecker's motion for summary judgment, which was filed before the trial court, and Green's responses thereto, apparently copied from Green's opposition to summary judgment and pasted into the brief.

For example, the "Statement of Facts" begins:

"1. Plaintiff Mary I Green ("Plaintiff") is a resident of Cole County, Missouri. **PLAINTIFF'S RESPONSE:** Admits, however, plaintiff denies that this is a material fact which either on its own or cou-

---

1. All rule references are to Missouri Supreme Court Rules (2016).

pled with other admitted facts, entitles defendant to summary judgment in defendant's favor."

The entirety of the "Statement of Facts" continues on in this manner. From Green's brief, it is impossible for this Court to acquire an "immediate, accurate, complete and unbiased understanding of the facts of the case." *In re Marriage of Weinshenker*, 177 S.W.3d at 862. Further, rather than set forth the facts as they have been established in the summary judgment record, Green presents arguments after every paragraph regarding whether she views the facts as material, whether they are contested, etc. She entirely fails to include in her "Statement of Facts" any reference whatsoever to her own deposition taken in the course of the litigation and which was relied upon by the trial court in its grant of Summary Judgment.

When this Court reviews an appeal from summary judgment, "[f]acts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *ITT Comm. Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Rather than provide the record to the Court in a straightforward and non-argumentative manner, Green presents the record as she did in the trial court below, as an advocate, argumentatively, and completely ignoring her briefing obligations before the Court.

Even more problematic with Green's "Statement of Facts" is its failure to comply with the requirement of Rule 84.04(c) that "[a]ll statement of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." The "requirement that the appellant support factual statements in its brief with record citations is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." *Johnson v. Buffalo Lodging Assocs.*, 300 S.W.3d 580, 581 (Mo. App. E.D. 2009) (quoting *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 605 (Mo. App. W.D. 2008)).

Rather than include citations to the legal file to support the stated facts, Green has instead chosen to present a bulk citation to the legal file to Plaintiff's First Amended Response to Defendant's Statement of Uncontroverted Material Facts from which she copied and pasted her "Statement of Facts." The facts presented in this manner make it difficult to determine what facts were found by the circuit court without this Court rummaging through the record to seek out the information for itself. Even more problematic is determining whether disputed facts are properly disputed with actual evidence in the record by affidavit, exhibit, or otherwise. While some of Green's responses say facts are disputed, the only support for the assertion that they are disputed is a general citation to an affidavit submitted by Green with no reference to where that affidavit is located within the legal file. Having searched the legal file and located the affidavit, it appears to be a very lengthy and meandering narrative by Green of her version of the facts of the case. Green fails to identify in the "Statement of Facts" in her brief *how or where* any particular fact is allegedly disputed within the affidavit.

It appears that Green has misinterpreted language from our sister court in *Jones v. Union Pacific Railroad Company*, which explained what factual record an appellate court considers in an appeal from summary judgment. See *Jones v. Union Pac. R.R. Co.*, SD 34184, 508 S.W.3d 159, 2016 WL 6081830 (Mo. App. S.D. Oct. 18, 2016). The court stated:

What compels reversal here is so often overlooked, even by lawyers and trial judges as skilled as these, that we recently emphasized in [*Lackey v. Iberia R–V School Dist.*, 487 S.W.3d 57, 60–62 (Mo. App. S.D. 2016)/, and again reemphasize that:

● Facts come into a summary judgment record only via Rule 74.04(c)'s numbered-paragraphs-and-responses framework.

● Courts determine and review summary judgment based on that Rule 74.04(c) record, not the whole trial court record.

● Affidavits, exhibits, discovery, etc. generally play only a secondary role, and then only as cited to support Rule 74.04(c) numbered paragraphs or responses, since parties cannot cite or rely on facts outside the Rule 74.04(c) record.

● To come full circle, "summary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses alone."

*Id.* at *1 (footnotes omitted). While all of the above is true and a proper statement of the law, it does not relieve parties of the briefing requirements in the Supreme Court Rules. The Southern District merely explained the universe of facts with which an appellate court is concerned when considering an appeal from the grant of summary judgment. The Southern District *was not* setting forth the manner in which facts for an appeal from summary judgment should be set forth in the brief and it *was not* relieving parties of their briefing obligation under our rules to support their facts by citations to the legal record.

▉▉▉▉ As this Court has stated before,

The adversarial process clearly defines and distinguishes the roles of advocates and judges. *Kimble v. Muth*, 221 S.W.3d 419, 421 (Mo. App. W.D. 2006).

Judges must not be advocates but instead must be free to impartially evaluate the arguments of the parties. *Id.* Compliance with the briefing requirements of Rule 84.04 is mandatory to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been asserted. *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo. App. W.D. 2007). Compliance with the rule also provides the reviewing court with a more complete understanding of the relevant issues and allows the opposing party to develop counter arguments. *Kimble*, 221 S.W.3d at 421 (citing *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). Enforcement of the briefing requirements reduces instances where the court is required to create precedent based upon incomplete and unsupported arguments. *Id.* at 422.

An appellate court prefers to dispose of a case on the merits rather than to dismiss an appeal for deficiencies in the brief. *Nicholson v. Transamerica Occidental Life Ins. Co.*, 144 S.W.3d 302, 308 (Mo. App. W.D. 2004). However, "[i]n some cases, a brief may be so deficient that it precludes appellate review." *Id.* at 305. Failure to substantially comply with Rule 84.04 preserves nothing for review and is a proper ground for dismissing an appeal. *Brown*, 211 S.W.3d at 146–47.

*Lueker v. Mo. State W. Univ.*, 241 S.W.3d 865, 867 (Mo. App. W.D. 2008) (footnotes omitted). In addition, by itself the "[f]ailure to provide a fair and concise statement of the facts that complies with Rule 84.04(c) is a basis for dismissal of the appeal." *In re Marriage of Smith*, 283 S.W.3d 271, 274 (Mo. App. E.D. 2009) (citing *Weinshenker*, 177 S.W.3d at 863; *In re Marriage of Shumpert*, 144 S.W.3d 317, 320 (Mo. App. E.D. 2004); *Lemay v. Har-*

*din*, 108 S.W.3d 705, 709 (Mo. App. W.D. 2003)).

We conclude that we are unable to consider the merits of Green's points on appeal without stepping outside our role as a neutral arbiter and assuming the role of advocate, which we cannot and will not do.[2]

The appeal is dismissed.

All concur

---

**2.** Because we have determined that Green's substantial failure to comply with Rule 84.04(c) requires dismissal, it is unnecessary to address the additional alleged briefing deficiencies. We do note that our cursory review of the substantive issues raised in the four Points Relied On finds none to be of sufficient merit to require the judgment of the trial court to be reversed. We do not want Green to have the mistaken impression that an otherwise meritorious appeal was lost on briefing technicalities.