**Terrance JOHNSON, Appellant,**

**v.**

**MO. DEPT. OF CORRECTIONS, Respondent.**

**WD 80193**

Missouri Court of Appeals, Western District.

Opinion filed: June 27, 2017.

Terrance Johnson, Appellant Pro-se.

Patrick J. Logan, for Respondent.

Before Division Three: Anthony Rex Gabbert, Presiding Judge, Victor C. Howard, Judge and Cynthia L. Martin, Judge

## VICTOR C. HOWARD, JUDGE

Terrance Johnson appeals the Cole County Circuit Court's order granting judgment on the pleadings with respect to his Petition for Declaratory Judgment and Request for Habeas Relief. Johnson's brief and four points are significantly deficient. His appeal is dismissed.

Johnson appeals pro se. His initial brief was struck by this court, and he was given the opportunity to file an amended brief. He did so.

■ Johnson's amended brief contains multiple violations of Rule 84.04 and preserves nothing for review. *See Nichols v. Div. of Employment Sec.*, 399 S.W.3d 901, 902 (Mo. App. W.D. 2013). "Rule 84.04 sets forth various requirements for appellate briefs and compliance with these requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Id.* (internal quotations omitted). "Violations of Rule 84.04 are grounds for a court to dismiss an appeal." *Id.* at 903. "An appellant who proceeds *pro se* is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Id.* (internal quotations omitted).

■ Johnson's four points on appeal read:

I. WHETHER THE CIRCUIT COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S CLAIM THAT § 558.019.3 AND § 558.016 RSMO, AND RESPONDENT'S PAROLE GUIDELINES WHEN READ TOGETHER POSES AN AMBIGUITY VIOLATING EX POST FACTOR AND BILL OF ATTAINDER LAW UNDER THE UNITED STATES AND MISSOURI'S CONSTITUTION, TO INVOKE THE RULES OF LENITY, TO CONSTRUE IT LIBERALLY IN FAVOR OF APPELLANT AND STRICTLY AGAINST THE STATE.

II. WHETHER APPELLANT'S EQUAL PROTECTION RIGHTS WERE CLEARLY ESTABLISHED AT THE TIME RESPONDENT VIOLATED IT, i.e., APPELLANT'S RIGHT TO BE TREATED EQUALLY AS OTHER PRISONERS SIMILARLY SITUATED UNDER THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

III. WHETHER THE CIRCUIT COURT ERRED IN CONSTRUING APPELLANT'S CLAIM UNDER ISSUE #C OF HIS ORIGINAL PETITION FOR DECLARATORY JUDGMENT AS CHALLENGE TO HIS CRIMINAL CONVICTION WHEN, HE REQUESTED THE HEARING COURT TO DECLARE THAT RESPONDENT'S FAILURE TO GAUGE APPELLANT'S INDIVIDUAL CRIMINAL CONDUCT, AND DISREGARD

THE JUDICIALLY IMAGINED CONDUCT ASCRIBED BY THE TRIAL COURT UNDER THE RESIDUAL CLAUSE FOR ROBBERY FIRST DEGREE § 569.020 AND ASSAULT FIRST DEGREE § 565.050 TO MAKE HIM ELIGIBLE TO SERVE 85% OF HIS SENTENCE.

IV. WHETHER THIS COURT SHOULD REMAND THIS CAUSE FOR FURTHER PROCEEDINGS BECAUSE THE HEARING COURT DID NOT MAKE AN ADEQUATE AND PROPER DECLARATION OF WHETHER OR NOT APPELLANT, (a) HAS STANDING TO BRING THIS APPLICATION IN DECLARATORY JUDGMENT; (b) WHAT CONSTITUTIONAL RIGHTS OF APPELLANT HAS BEEN VIOLATED AS A DIRECT RESULT OF RESPONDENT'S PRACTICE TO MAKE THE COMMITMENT BROADER THAN THE JUDGMENT, AND; (c) WHAT REMEDIES ARE AVAILABLE TO APPELLANT TO REMEDY THE WRONGS COMPLAINED OF SEE: MISSOURI CONSTITUTION ARTICLE I, SECTION 14 "OPEN COURT'S, REMEDY FOR EVERY INJURY, JUSTICE WITHOUT SALE, DENIAL OR DELAY."

Johnson's points do not meet the requirements of Rule 84.04(d)(1)(A), Rule 84.04(d)(1)(B), or 84.04(d)(1)(C). None of the points state why the circuit court's ruling was erroneous. This court cannot tell what Johnson's basis is for claiming the circuit court committed reversible error. Johnson's first point doesn't state how his argument is supported by the law. His second point does not identify the ruling of the circuit court he is challenging.

■ The three components of a point relied on are:

(1) A concise statement of the challenged *action* or *ruling* of the trial court.

(2) A statement *why* the action or ruling was erroneous.

(3) A statement *wherein* the testimony or evidence gives rise to the ruling for which appellant contends.

*DeCota Elec. & Indus. Supply, Inc. v. Cont'l Cas. Co.*, 886 S.W.2d 940, 941 (Mo. App. S.D. 1994) (citing *Thummel v. King*, 570 S.W.2d 679, 684–85 (Mo. banc 1978)). "The *why* requirement contemplates a statement which ordinarily will closely approximate what the appellant believes should have been the trial court's conclusion of law on the point being addressed." *Id.* "After stating *why* the ruling was erroneous, the point must then explain *wherein* the testimony or evidence gives rise to the ruling for which the appellant contends." *Id.* "It is not enough for the point ... via conclusions of claimed error to simply say the trial court was wrong without alluding to some evidence or testimony which gives support to such conclusions." *Id.*

"Under Rule 84.04, it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Nichols*, 399 S.W.3d at 903 (internal quotation omitted). "Speculation on an appellant's arguments is not permitted by the appellate courts because such speculation would cast the court in the role of an advocate for the appellant." *Id.* (internal quotation omitted). After carefully reviewing Johnson's points relied on and brief, this court is only capable of speculating on what his arguments and the legal basis for his claims are.

Moreover, Johnson's points relied on fails to comply with the requirement of Rule 84.04(d)(5) that "[i]mmediately following each 'Point Relied On,' the appellant ... shall include a list of cases, *not to*

*exceed four*, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Johnson lists 16 cases after his first point, 21 cases after his second point, and 13 cases after his third point.

■ Furthermore, Johnson's argument is defective. Johnson's argument section fails to substantially follow the order of the point relied on and to restate it at the beginning of the section as required by Rule 84.04(e). Inexplicably, he restates a different point under each section. For example, his Point I at the beginning of his brief is different from his Point I at the beginning of his argument. The same is true for all four points. The new points are not any better stated than the ones quoted above. "We do not review arguments and issues raised in the argument under a point that are not fairly encompassed by that point." *Nichols*, 399 S.W.3d at 904 (internal quotation omitted). "Also, the argument should demonstrate how principles of law and the facts of the case interact." *Id.* (internal quotation omitted). Johnson's argument does not.

Johnson's argument section is "so defective as to require us and opposing counsel to hypothesize about the appellant's argument and precedential support for that argument." *Id.* (internal quotation omitted). Though it does an admirable job in its brief, the Attorney General does not understand Johnson's claims any better than this court does. The Attorney General's brief states "as best as Respondent can tell" multiple times with respect to what Johnson is claiming on appeal.

Finally, Johnson does not include a concise statement of the applicable standard of review for his claim as required by Rule 84.04(e).

■ As noted by the court in *Nichols*, "[o]ccasionally, non-compliant briefs of *pro se* appellants are reviewed *ex gratia*." 399 S.W.3d at 904. "However, an abandoned claim is generally only reviewed where the argument is readily understandable." *Id.* Johnson's arguments are not. "While the preference is to decide an appeal on the merits, where a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached." *Id.* To address the merits of this appeal, this court would have to become an advocate for Johnson by searching the record for the relevant facts of the case, speculating about the possible claims of error, and crafting a legal argument on his behalf. *See id.* This we cannot do.

Accordingly, the appeal is dismissed.

All concur.