

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| SELAHATTIN AYDIN, | ) | |
| Respondent, ) | WD85098 |
| v. | ) | |
| | ) | FILED: December 20, 2022 |
| KENNETH BOLES, | ) | |
| Appellant. ) | |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE BRYAN ROUND, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE, THOMAS N. CHAPMAN, JUDGE, AND JANET SUTTON, JUDGE

Kenneth Boles appeals *pro se* from the circuit court's entry of summary judgment in favor of his former landlord, Selahattin Aydin, in an unlawful detainer action. Because of substantial deficiencies in Boles' appellate brief, we dismiss his appeal without reaching the merits of the summary judgment.

### FACTUAL AND PROCEDURAL HISTORY

In June 2021, Boles made an oral agreement to lease a residential rental property from Aydin, the property owner. The following month, Aydin posted a notice terminating the month-to-month tenancy and instructing Boles to vacate the property by August 31, 2021. Boles did not vacate the property.

In September 2021, Aydin filed a petition for unlawful detainer alleging that Boles "unlawfully and willfully detained the Property." Aydin requested immediate possession of the property.

Boles filed a *pro se* answer that neither admitted nor denied the allegations in Aydin's petition. The answer included unintelligible statements about laws, legal theories, the right to a jury trial, fiduciary duties, bank holidays, and a list of counterclaims. Boles did not set forth his counterclaims in separate counts, request relief, or state facts supporting his allegations.

In October 2021, Aydin moved for summary judgment, alleging that the facts supporting his petition for unlawful detainer were undisputed. Boles did not file a response to the motion for summary judgment; instead, he filed several motions, including motions to amend his answer.

On December 13, 2021, the circuit court granted Aydin's motion for summary judgment. In its judgment, the court held that Boles "failed to file an appropriate responsive pleading to this Motion for Summary Judgment, although he did make certain random, unrelated, disjointed, and grammatically non-sensical filings mentioning the Summary Judgment Motion." The court found that Boles' failure to respond in accordance with Rule 74.04 "effectively confirms [Aydin]'s assertions that there is no genuine issue as to any material fact in dispute," and that it was bound to accept all of the factual averment's set forth in Aydin's summary judgment motion. Concluding that it could "arrive at no

2

decision but that the [Aydin] is entitled to an award of summary judgment," the court entered judgment in favor of Aydin. Boles appeals.

**ANALYSIS**

Boles appears *pro* se. We struck his initial appellant's brief for multiple specified violations of Rule 84.04. Boles filed an amended brief. Aydin filed a motion to dismiss the amended brief for non-compliance with Rule 84.04. We took Aydin's motion with the case.

Rule 84.04 sets forth appellate briefing requirements. "We hold pro se appellants to the same procedural rules as attorneys, and we do not grant them preferential treatment regarding compliance with those rules." *Kim v. Kim*, 431 S.W.3d 524, 525 (Mo. App. 2014). Compliance with Rule 84.04 is "mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Lattimer v. Clark,* 412 S.W.3d 420, 422 (Mo. App. 2013) (internal quotation marks and citations omitted). "Consequently, the failure to substantially comply with the requirements of Rule 84.04 preserves nothing for review and establishes grounds for dismissal." *State ex rel. Dep't of Soc. Servs., Fam. Support Div. v. Shipley*, 605 S.W.3d 92, 95 (Mo. App. 2020) (citations omitted). Boles' amended appellate brief utterly fails to comply with this procedural rule in three major aspects.

First, Boles' statement of facts violates Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of

3

facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Tavacoli v. Div. of Emp't Sec.*, 261 S.W.3d 708, 710 (Mo. App. 2008) (internal quotation marks and citations omitted). "Interspersing argument throughout the statement of facts violates Rule 84.04." *Rogers v. Hester ex rel. Mills*, 334 S.W.3d 528, 534 (Mo. App. 2010). Boles' statement of facts does not contain a fair and concise statement of the facts relevant to the questions presented. Instead, it contains irrelevant case law, statutes, definitions, and amendments in the U.S. Constitution, and it fails to present any material facts pertinent to the underlying motion for summary judgment. These deficiencies fail to preserve Boles' claim for appellate review. *Lattimer*, 412 S.W.3d at 422.

Second, Boles' brief fails to comply with Rule 84.04(d), which "requires that the Points Relied On identify what actions or rulings of the court are to be reviewed and concisely state why they constitute reversible error." *Geiersbach v. Blue Cross/Blue Shield of Kansas City*, 58 S.W.3d 636, 638–39 (Mo. App. 2001). "Abstract statements of law, standing alone, do not comply with this rule." *Walker v. Precythe*, 635 S.W.3d 374, 377 (Mo. App. 2021). In his sole point on appeal, which spans three pages of his brief, Boles asserts that the circuit court "erred in summary judgment" for "alleged immediately vacate, surrender and deliver possession of the property" because "The 'Bill of Rights', further Mandated the provisions of 'Trial By Jury', in ALL Criminal Cases." Boles subsequently lists text excerpts from Missouri's Constitution, Missouri Court Rules, and case law, but in no way demonstrates how the court committed

4

reversible error in granting judgment on the unlawful detainer claim. "Under Rule 84.04, it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Nichols v. Div. of Emp't Sec.*, 399 S.W.3d 901, 903 (Mo. App. 2013) (internal quotation marks and citations omitted). This court cannot speculate on Boles' point without acting as his advocate on appeal. *Id.*

Third, Boles has not complied with Rule 84.04(e)'s requirement that his arguments must substantially follow the order of the Points Relied On and be limited to the error specified therein. Boles argues that the circuit court erred in denying his "request for a jury trial in a claim brought under chapter 534 of the revised statutes of Missouri" because he has a "right to trial by jury under article I, section 22(a) of the Missouri constitution" and that he has "no other opportunity to have his case heard by a jury." However, he fails to develop this contention throughout his argument and refers to authorities relating to criminal prosecutions. "To develop a point relied on, the 'argument should show how the principles of law and the facts of this case interact." *Wallace v. Frazier*, 546 S.W.3d 624, 628 (Mo. App. 2018) (citations omitted). Boles' argument merges case and text excerpts interpreting the language of the U.S. Constitution, English and American history related to the right to trial by jury, and criminal procedure without making any connection to the specific grounds and facts underlying the court's decision to grant judgment for unlawful detainer. The argument section of his brief is "so defective as to require us and opposing counsel to hypothesize

5

about the appellant's argument and precedential support for that argument."

*Nichols*, 399 S.W.3d at 904. Therefore, we cannot reach the merits of his appeal.

*Id.*

Occasionally, we review non-compliant briefs of *pro se* appellants *ex gratia*. *Id.* (internal quotation marks and citations omitted). However, we do so only "where the argument is readily understandable." *Id.* That is not the case here. To determine if Boles is entitled to relief, we would have "to comb the record for support for [his] factual assertions, decipher [his] point on appeal, and locate legal authority for [his] argument." *Wong v. Wong*, 391 S.W.3d 917, 919-20 (Mo. App. 2013). Because we cannot act as Boles' advocate, we must dismiss his appeal based on multiple violations of Rule 84.04.

## CONCLUSION

The appeal is dismissed.

_____
Lisa White Hardwick, Judge

All Concur.

6