

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| MICHAEL BOSMA, | ) | No. ED112224 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 17SL-CC02340 |
| | ) | |
| SILIGA SYSTEMS, INC., | ) | Honorable John N. Borbonus |
| | ) | |
| Respondent. | ) | Filed: August 27, 2024 |

Before Lisa P. Page, P.J., Kurt S. Odenwald, and Rebeca Navarro-McKelvey, J.

Michael Bosma (Appellant) appeals from the judgment of the St. Louis County Circuit Court which granted a motion to dismiss filed by Siliga Systems, Inc. f/k/a Agilis Systems, Inc., Naeem Bari, Christopher Becker, David Griege, John True, and Gregory Winter (collectively, Respondents) in a derivative action that originated with a lawsuit filed by Lads Network Systems, Inc. (Lads) against Siliga Systems, Inc. (Siliga).  We dismiss the appeal.

## Background

We are able to discern a brief summary of this protracted litigation that commenced in June 2017 from the record on appeal and not – as we should – from a properly drafted statement of facts as required by Rule 84.04(c).[1]  This case originated as a declaratory judgment action after Lads made a call for Siliga to issue certain stock warrants, which was denied.  Counsel for

---

[1] All rule references are to the Missouri Supreme Court Rules (2023) unless otherwise indicated.

Lads, who is now Appellant's counsel, filed a motion to intervene on behalf of Appellant and certain Siliga shareholders, which the court granted. Subsequently, a derivative action was filed by Lads and Appellant, on behalf of Siliga, against Siliga and its board members. The derivative action was amended several times to include allegations of breach of fiduciary duty, abuse of control, constructive trust, gross mismanagement, corporate waste, unjust enrichment, accounting, and judicial reformation of the by-laws. Extensive discovery was conducted throughout the litigation. In October 2020, Lads dismissed its claims against all defendants.

In December 2022, Respondents filed a motion to dismiss Appellant's remaining cause of action. They also filed a memorandum of law with exhibits to demonstrate Appellant did not meet the standard mandating that a derivative action may only be maintained if the plaintiff fairly and adequately represents the interests of the shareholders or members who are similarly situated in enforcing the right of the corporation or association. After a hearing, the court entered its judgment dismissing all of Appellant's claims. This appeal follows.

**Discussion**

As a threshold matter, we address Respondents' contention that Appellant's brief so substantially fails to comply with Rule 84 that this matter must be dismissed. Supreme Court Rule 84.04 plainly sets forth the requirements for briefs in appellate courts. *Waller v. A.C. Cleaners Mgmt., Inc.*, 371 S.W.3d 6, 9 (Mo. App. E.D. 2012). This rule is not a mere suggestion and all appellants must comply with it because our Supreme Court has made it clear that "Rule 84.04's requirements are mandatory." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022) (quoting *Fowler v. Mo. Sheriffs' Ret. Sys.*, 623 S.W.3d 578, 583 (Mo. banc 2021)).

Our courts prefer to reach the merits of a case and may excuse "technical deficiencies" in a brief; however, we may not consider a brief so deficient that it fails to advise the court and

opposing counsel of the merits of the appeal. *See Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). This scenario presents us with the dilemma of deciding the case (and possibly establishing precedent for future cases) on the basis of inadequate briefing or worse, becoming Appellant's advocate in our endeavor to comprehend the points on appeal by searching for facts in the record to remedy the deficiency. This we will not do because "[c]ourts should not be asked or expected to assume such a role," which is inherently unfair to the other party to the appeal, in addition to the parties in other cases awaiting disposition because it requires appellate time and resources which should be devoted to expeditious resolution of their appeals. *Lexow*, 643 S.W.3d 505 (citing *Thummel*, 570 S.W.2d at 686).

We agree there are numerous briefing deficiencies. However, the one most fatal to Appellant is Rule 84.04(c), which requires a "fair and concise statement of the facts relevant to the questions presented for determination without argument." The rule further provides, "*All statements of facts* shall have *specific* page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." (emphasis added). *Lexow*, 643 S.W.3d at 508. The purpose of this is to allow an "immediate, accurate, complete and unbiased understanding of the facts of the case." *Hoock v. SLB Acquisition, LLC*, 620 S.W.3d 292, 303 (Mo. App. 2021) (quoting *Nichols v. Div. of Emp't Sec.*, 399 S.W.3d 901, 903 (Mo. App. 2013)). Highlighting facts favorable to the appellant and omitting others essential to the respondent does not substantially comply with Rule 84.04. *Id.* (internal citation omitted). Failing to "properly present facts on appeal preserves nothing for [] review" and is therefore grounds for dismissal. *Williams v. Williams*, 669 S.W.3d 708, 716 (Mo. App. E.D. 2023) (citing *Hoock*, 620 S.W.3d at 303).

Here, Appellant provides only a vague procedural history, without identifying either the facts favorable to his argument or essential to Respondent that led the court to its conclusion and judgment dismissing the action.  Appellant's statement of facts contains only four citations – without specific page references – to a total of three documents in the legal file, one of which is the plaintiff's twice-cited fourth amended petition.  It is Appellant's burden to file a record and brief that contains everything necessary for the resolution of the questions presented.  Here, Respondents actually submitted what Appellant should have with a well drafted explanation of the facts necessary to understand the case and a supplemental legal file.  Rule 81.12(a).  Thus, this court is left with only Respondents' additional statement of facts and to scour the record to discern the facts necessary to support Appellant's points on appeal.  In failing to follow the mandatory briefing Rule 84.04(c) with even a minimal statement of facts, the appeal must be dismissed based on Appellant's violations of Rule 84.04(c) alone.

## Conclusion

This court has discretion to review noncompliant briefs gratuitously when the deficiencies do not impede review on the merits, *see Lollar v. Lollar*, 609 S.W.3d 41, 45 n.4 (Mo. banc 2020); however, we are compelled to decline such review here because the dearth of facts to support the points on appeal is an impediment that precludes our ability to review the merits in this matter.  The appeal is dismissed.

Lisa P. Page, Presiding Judge

Kurt S. Odenwald, J., and
Rebeca Navarro-McKelvey, J., concur.

4