

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| CLYDE O. CARTER, SR. AND<br>LINDA DARNELL BOWIE CARTER, | ) | |
| | ) | |
| Appellants, | ) | WD87124 consolidated with WD87125 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| CLYDE O. CARTER, JR., | ) | September 16, 2025 |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable Bryan E. Round, Judge**

**Before Division Three: Mark D. Pfeiffer, Presiding Judge,**
**Cynthia L. Martin, Judge, and Janet Sutton, Judge**

This case involves a dispute over title to a residence (the Property) in Kansas City, Missouri, that Clyde O. Carter, Sr., (Carter) transferred by quitclaim deed to his son, Clyde O. Carter, Jr. (Son). Approximately three years later, Carter and his wife, Linda Carter, (Wife) filed a petition to set aside the quitclaim deed alleging, *inter alia*, that Carter could not solely transfer the property without Wife, and, further, that Carter lacked the mental capacity to transfer the Property. Following a bench trial, the circuit court of Jackson County (trial court) entered a judgment concluding that Wife did not acquire any interest in the Property during her second marriage to Carter, that Carter could solely transfer title to the Property, and that Carter was competent to convey the Property's title to Son. Carter and Wife appeal, but we dismiss their

appeal for briefing and analytical deficiencies and for failure to file a record that complies with Rule 81.16.[1]

## Factual and Procedural Background

After Carter and Wife filed their petition to set aside the quitclaim deed and to quiet title related to the Property, [2] Son then filed his own petition to quiet title and for ejectment.[3] The cases were consolidated and a bench trial was held. The evidence at trial, which we have gleaned from the transcript, established the following:

Carter and Wife's first marriage was dissolved in 1984. Following the dissolution of the marriage, Wife transferred, by quitclaim deed, the Property to Carter. The quitclaim deed was recorded in the Jackson County Recorder of Deeds Office. In 1994, Carter took out an approximate $31,000 loan, and a deed of release was issued in December 1996.

Carter and Wife remarried in 1995 and separated in 2007. They remain married as of the date of the trial court's judgment.

Carter and Wife took out a mortgage on the Property in the amount of $55,200 in November 1996. The deed of trust listed them as husband and wife, and a deed of release was issued in late January 2012.

---

[1] Rule references are to the Missouri Supreme Court Rules (2025).

[2] The original action involved Carter's conveyance of three separate property titles to Son. At trial, however, Son agreed to rescind his interest in two of the properties, leaving only title to one property at issue for trial and in this appeal.

[3] Son's petition also alleged unjust enrichment and requested over $10,000 plus post-judgment interest, which was not addressed in the trial court's judgment. The trial court's judgment was final and appealable, despite the fact that it did not address this count. Son abandoned this claim by failing to request relief on it at either trial or in a post-trial motion, and for failing to provide the trial court with any factual basis for relief. *See Ruby v. Troupe*, 580 S.W.3d 112, 116 (Mo. App. W.D. 2019). *See also Dougherty v. Mo. Dep't of Soc. Servs.*, 585 S.W.3d 355, 359 (Mo. App. W.D. 2019) (stating "A judgment does not have to address abandoned claims.").

Around December 2017 or January 2018, Carter contacted an attorney (Attorney) and asked that Attorney prepare a quitclaim deed transferring Carter's interest in the Property to Son. Attorney prepared the quitclaim deed and met with Carter at Attorney's office on January 4, 2018. During that meeting, at which Son and Son's wife were present, Attorney asked Carter questions to determine Carter's capacity to execute the quitclaim deed. A notary was unavailable at Attorney's office, so Son and Son's wife took Carter to a bank in Leavenworth, Kansas, to execute the deed. The quitclaim deed, dated January 4, 2018, transferred Carter's interest in the Property to Son and was recorded in the Jackson County Recorder of Deeds Office. Wife was in Hawaii when the quitclaim deed was executed and she testified that it was done without her knowledge or consent.

Son testified that in late 2017, Carter had conversations with Son and that Carter was able to communicate his wishes to Son. Son also testified that when he was with Carter at Attorney's office, he observed Carter and Attorney talking, that Carter was responding to Attorney's questions, and that Carter asked Attorney to transfer the Property's title to Son.

Carter did not testify, but his medical records were admitted at trial as Exhibit 7. Attorney was called to testify, but, upon advice from legal ethics counsel, he invoked the attorney-client privilege and would not answer questions related to his representation of Carter. Before trial, however, Attorney authored a letter in which he discussed his representation of Carter, and Attorney gave the letter to Son. Attorney's letter was admitted into evidence as Exhibit 101. As discussed in more detail *infra*, the Carters have not provided Exhibits 7 and 101 in the record on appeal so it is unclear what exactly Attorney's letter stated or what Carter's medical records established.[4]

---

[4] The judgment states that Attorney "indicated that [Carter] was in a wheelchair and following their conversation about their history and experiences together and how he was doing, it was

The trial court concluded that the Property was, and remained, Carter's pre-marital property, that he was free to transfer it to Son, and that there was a lack of evidence to support Carter and Wife's claim that Carter lacked the capacity to sign the quitclaim deed. The trial court declared Son as the legal and equitable owner of the Property and ordered that Son was entitled to immediate possession of the Property. It also concluded that the Property did not "transmute" back into marital property simply because Carter and Wife remarried. Finally, the trial court found that there was no evidence, except for Wife's testimony, that marital funds or Wife's individual funds were the "source of funds" used to make payments on the Property's 1996 mortgage.

Carter and Wife (hereinafter, the Carters) appeal.

**Discussion**

In their first point on appeal, the Carters contend that the trial court misapplied the law when it declared that they had no legal or equitable interest in the Property and by classifying the Property as non-marital property.[5] The Carters contend that the Property transmuted to marital property when marital funds were used to pay off a refinanced mortgage. In their second point,

_____

[Attorney's] opinion that [Carter] appeared to him to be of sound mind and understood what he was doing, deeding his interests in the real estate to [Son] via Quitclaim Deed."

[5] The Carters also attempted to include an against-the-weight-of-the evidence challenge under point one's argument by simply stating, "The judgment in this cause action erroneously applied the law and is against the weight of the evidence, in that (1) the home should have been classified as marital property, and (2) the trial court did not properly apply the source of funds rule[.]" First, we note that an against-the-weight-of-the-evidence challenge is not alleged in the point relied on and, therefore, cannot be brought in the argument portion alone. Next, the single inclusion of the phrase, "against-the-weight-of-the-evidence," without more, does not properly raise this type of challenge. There must be a reasoned argument that follows the appropriate four-step analytical framework set forth in *Houston v. Crider*, 317 S.W.3d 178, 187 (Mo. App. S.D. 2010) which is discussed *infra*. Finally, an against-the-weight-of-the-evidence challenge and a misapplication-of-the-law challenge are distinct claims that require separate analysis. *See In re Marriage of Flood*, 707 S.W.3d 75, 78 (Mo. App. S.D. 2025).

4

they contend that the trial court erred in concluding that the source of funds rule was inapplicable. Finally, in their third point, the Carters argue that the trial court's conclusion regarding Carter's mental competency and capacity to sign the quitclaim deed was against the weight of the evidence. We do not reach the merits of the Carters' points on appeal because the Carters' brief contains serious analytical and briefing deficiencies and they failed to file a record on appeal that complies with Rule 81.16.

First, the Carters' brief fails to comply with Rule 84.04. The requirements for the contents of an appellant's brief are set forth by Rule 84.04. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). "Compliance with the briefing requirements of Rule 84.04 is mandatory to ensure that the appellate court does not become an advocate by speculating on facts and arguments that have not been made." *Acton v. Rahn*, 611 S.W.3d 897, 901 (Mo. App. W.D. 2020). "Enforcement of the briefing requirements reduces instances where the court is required to create precedent based upon incomplete and unsupported arguments." *Green v. Shiverdecker*, 514 S.W.3d 41, 45 (Mo. App. W.D. 2017). In some cases, a brief may be so deficient that appellate review is precluded. *Id.* Failure to substantially comply with Rule 84.04 preserves nothing for review and is a ground for dismissing an appeal. *Id.*; *Acton*, 611 S.W.3d at 901.

The Carters' brief is deficient in several important respects. First, the Carters' brief violates Rule 84.04(c). Rule 84.04(c) requires that "the statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. All statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." As noted in *In re Marriage of Smith*, an "appellant may not simply recount his or her version of the events, but is required to provide a statement of the *evidence* in the light most favorable to the judgment." 283 S.W.3d 271, 273

5

(Mo. App. E.D. 2009) (emphasis added). The Court went on to criticize the statement of facts in that it omitted, minimized, or mischaracterized relevant facts supporting the trial court's findings. *Id*. Implicit in this ruling is the requirement that an appellant cite to *evidence* in the record that supports a specific fact. Here, the Carters cite to only two documents in support of their statement of facts: the trial court's judgment they are challenging on appeal and their motion for new trial. Neither of these are evidence from which statements of fact can be supported.

Next, the brief violates Rule 84.04(e). Rule 84.04(e) requires that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Specifically, in the Carters' argument under their first and second points, they fail to support all of their factual statements with citations to the record.[6] The argument under the Carters' second point, in fact, contains no citations to the record beyond a preservation statement.

The "requirement to provide specific page references to the record on appeal 'is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions stated in the brief are supported by the record.'" *In re Marvin*, 682 S.W.3d 788, 796 (Mo. App. W.D. 2023) (quoting *Adams v. Div. of Emp. Sec.*, 459 S.W.3d 918, 920 (Mo. App. W.D. 2015)). This necessarily means that, without the required record citations, the Carters' argument does not advise this Court how principles of law and the facts of the case interact. *See id.* at 798. "We cannot comb the legal file for facts to better understand" the Carters' argument, "nor can we do so and remain steadfast

---

[6] Some of the citations the Carters do provide are to documents that have not been included in the record on appeal, nor identified as an admitted exhibit at trial.

6

to our role as the neutral arbiter of the case." *Id.* (citation omitted). "[N]oncompliance with Rule 84.04(e) justifies dismissal." *Id.* at 799 (citation omitted).

Next, in their third point on appeal, the Carters attempt to bring an against-the-weight-of-the-evidence challenge, but their argument completely fails to follow the mandatory analytical sequence set forth by *Houston v. Crider*, 317 S.W.3d 178, 187 (Mo. App. S.D. 2010).

An appellant making an against-the-weight-of-the evidence challenge must:

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all of the favorable evidence in the record supporting the existence of that proposition;

(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,

(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Id*. *See also Sporleder v. Sporleder*, 655 S.W.3d 1, 14 (Mo. App. W.D. 2022).

The Carters never reference the four-step analytical framework in their brief but we can discern that the challenged factual proposition is that Carter had the mental capacity to transfer title to the Property. As to the second step, the Carters do not identify all favorable evidence in the record supporting the proposition that Carter possessed the mental capacity to transfer title to the Property. The Carters then fail to complete the remaining analytical sequence, instead relying on a repeated contention that the trial court's findings were "arbitrary or unreasonable." "[W]e have repeatedly reminded appellants that weight-of-the-evidence challenges must adhere to the mandatory analytical framework as set forth in the caselaw." *Ebert v. Ebert*, 627 S.W.3d 571, 580 (Mo. App. E.D. 2021). "Where the appellant fails to follow this framework, the

appellant's argument is 'analytically useless and provides no support' for his or her challenge." *O'Gorman & Sandroni, P.C. v. Dodson*, 478 S.W.3d 539, 544 (Mo. App. E.D. 2015) (quoting *In re McDaniel*, 419 S.W.3d 828, 833 (Mo. App. S.D. 2013)). Consequently, we do not address the Carters' against-the-weight-of-the-evidence challenge.

Finally, the Carters have failed to provide a complete record on appeal. Rule 81.12 specifies the contents of and the parties' responsibilities in preparing the record on appeal. "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Rule 81.12(a). Rule 81.16(a) further mandates that "[i]f original exhibits are necessary to the determination of any point relied on, they *shall* be deposited in the appellate court by the appellant." (Emphasis added). *See also In re D.T.H.*, 652 S.W.3d 738, 750 (Mo. App. W.D. 2022). The Carters, as appellants, are responsible for depositing all exhibits that are necessary for the determination of any point relied on. Rule 81.16(a). *See also City of Kansas City v. Cosic*, 540 S.W.3d 461, 463-64 (Mo. App. W.D. 2018).

A review of the transcript shows exhibits were admitted at trial and the Carters cite to several documents labeled with letters and numbers in their brief—which might be those exhibits— but the Carters failed to deposit any of the trial exhibits with this Court. As we stated *supra*, in their third point, the Carters challenge the trial court's ruling on the issue of Carter's mental capacity to transfer title as against the weight of the evidence. The Carters, however, have failed to include in the record all of the evidence that was before the trial court and which may have supported the trial court's judgment. The Carters ask us to find error with regard to the evidence in support of Carter's competency "without providing this court a full picture of the evidence before the trial court." *D.T.H.*, 652 S.W.3d at 751. "In the absence of a complete

8

record on appeal, an appellate court cannot review the merits of an appellant's claim and the appeal must be dismissed." *Marmaduke v. CBL & Assocs. Mgmt., Inc.*, 521 S.W.3d 257, 277 (Mo. App. E.D. 2017).

**Conclusion**

The appeal is dismissed.

Janet Sutton, Judge

Mark D. Pfeiffer, P.J., and Cynthia L. Martin, J. concur.