**CHESTERFIELD FINANCIAL CORPORATION, Plaintiff/Respondent,**

v.

**NORTH COUNTY GENERAL SURGERY, INC., Defendant/Appellant.**

No. 67981.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 5, 1996.

**604**

William A. Boles, St. Louis, for appellant.

Joan F. Gummels, Mayer S. Klein, St. Louis, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The defendant, under date of February 8, 1989, leased a dipulse machine from the plaintiff for a term of five years at a stipulated monthly rental of $230.00. The lease document, on a printed form, provided for return of the property at the expiration of the lease but a contemporaneous typed "rider" contained a superseding paragraph reading as follows:

> The Lessee, at maturity of the Lease, ... will have the option to renew the Lease for two (2) years at an annual rental based on the then Fair Market Value of the Equipment. The Lessor, if the Lessee does not renew, at its option, may request that the Lessee purchase the Equipment at its then Fair Market Value which the Lessor has predetermined to be *10 %* of the original cost of the Equipment. Upon such request, the Lessee agrees to make payment of the purchase price within thirty (30) days of such request.

At the expiration of the lease, the defendant lessee indicated that it did not want to renew and sent the machine to a repair facility with directions to deliver it to the lessor after it had been serviced. The lessor declined to accept the delivery and the lessee requested that the machine be returned to its office, where it remained at the time of trial. The lessor then had several communications with the lessee which show some confusion, but which clearly demanded payment of an amount consistent with the purchase price provided by the lease rider for sale by lessor pursuant to its option. When the lessee failed to remit, the lessor filed an action before an associate circuit judge seeking recovery of the purchase price and sales tax and also seeking to recover rent at 110 per cent of the contract rate based on a lease provision regarding default. The circuit court on trial de novo entered judgment for the plaintiff for $3,399.47 plus costs, from which judgment the defendant prosecutes this appeal, asserting numerous points. We modify the judgment by excluding $1,771.00 in damages for rent and reducing the amount of damages for the purchase price, and affirm the modified judgment.

The defendant complains in several points that the trial judge entered judgment on claims not contained in the pleadings. We reject this claim, which is based on the assumption that the Rules of Civil Procedure apply to actions before associate circuit judges, when there is conflict with provisions of Chapter 517 RSMo1994. Chapter 517 ap-

plies to practice and procedure in civil cases originally filed before associate circuit judges in hearing or determining particular classes of cases, including actions for the recovery of money not in excess of $25,000.00. Section 517.031.1 provides that "[t]he pleadings of the petition shall be informal unless the court in its discretion requires formal pleadings." The record shows no such direction by the court. The pleading complies with the statute by attaching a copy of the instrument sued upon, consisting of the basic lease and the rider. The plaintiff's claims fall within the provisions of the contract documents. The judgment is within the scope of the informal pleadings. We reject defendant's points I and II. In so holding, we observe that it would be easier for court and counsel if pleadings are carefully framed and note that the Rules of Civil Procedure provide a good standard.

■ We also reject defendant's point IV, in which it is argued that the provision of the rider giving the plaintiff the option of requiring the defendant to purchase the equipment at a valuation there stated is vague and unenforceable. We see no reason why competent parties could not reach agreement on the terms plainly stated in the rider which, by its express terms, supersedes the language of the basic lease when there are inconsistencies. The rider is valid and enforceable.

The plaintiff marked as an exhibit and introduced into evidence a computation of the damages it sought as follows:

### BREAKDOWN OF DAMAGES DUE UNDER LEASE # 6726.01

### NORTH COUNTY GENERAL SURGERY, INC.

| | |
|---|---|
| Predetermined 10% of Original Cost Purchase Price as per Rider to Lease | $ 1,004.39 |
| Sales Tax on Purchase Price as per Article Eleven (11) of the Lease | $ 57.50 |
| Usage Rentals at 110% of initial base rent as per Article Seven (7) of the lease at $253.00 per month from default date 2/10/94 thru 9/10/94 = 7 ms. × $253.00 | $ 1,771.00 |
| Reasonable legal fees at 20% of balance due as per article 13 of the Lease | $ 566.58 |

**TOTAL DAMAGES** $ 3,399.47

The trial court entered judgment for the full amount sought. We make use of this document in ruling on the defendant's several claims that the evidence does not support the judgment.

■ We agree with the defendant's assertion, set forth in its points III, V and VI, that the court could not properly enter judgment both for the computed purchase price of the unit and for damages in the form of enhanced rent. The plaintiff exercised its option to require the defendant to purchase the unit on expiration of the lease, provided figures consistent with the provisions of the rider, and did not disturb the lessee's continuing possession of the item. Under the lessor's theory the defendant was the owner and was required to pay the purchase price. If so, it no longer owed rent, by way of damages or otherwise. The lessee rejected its option to renew the lease and owed no further rent. The plaintiff adduces in support of its dual claims the provision of the basic lease that remedies may be cumulative. These provisions allow the lessor to pursue all opportunities, but do not allow inconsistent recoveries. The exercise of the option, furthermore, was confirmed by the redelivery of the unit to the lessee following repair and it would be inappropriate to allow rent in addition. The item of $1,771.00 was improperly included in the judgment.

The computation of the purchase price of $1,004.39 plus $57.50 for sales tax is also infirm. The plaintiff produced an invoice for $9,500.00 to show the initial purchase price and the rider fixes the "Fair Market Value" at the end of the lease at 10 per cent of $9,500.00 or $950.00. The evidence does not support a recovery of a purchase price in excess of $950.00. Because the purchase price has been reduced, the $57.50 sales tax figure must also be proportionately reduced to $54.39.

◼ The trial court also awarded $566.58 as "reasonable legal fees of 20% of balance due as per article 13 of the lease." Article 13 provides that lessee shall be liable for a "reasonable attorney's fee not to be less than an amount equal to twenty per cent (20%) of the balance due." Twenty per cent is stated in article 13 as a minimum figure. We are not disposed to reduce the amount awarded as attorney's fees even though we reduce the judgment. The plaintiff was justified in maintaining its claim and in seeking a trial de novo after the associate circuit judge entered judgment for the defendant. We are satisfied that the sum awarded is far less than a normal rate for counsel's services through the two trials and falls within the perimeters of article 13. We find no error in the amount awarded, even though the trial judge may have based her calculations on differing assumptions.

◼ The plaintiff has filed a motion for additional fees in the amount of $6,888.50 for counsel's services on appeal, pursuant to the contractual provision allowing a reasonable attorney's fee of not less than 20% of the balance found due. We find reasonable the attorney's fee awarded by the trial court in the amount of $566.58, approximately 59% of the balance we found due, and therefore plaintiff is not entitled to additional fees on appeal, having lost more than half of the judgment it recovered in the trial court.

For the reasons stated, the judgment is modified by reducing the amount to $1,570.97 plus costs, with the modified judgment to bear interest from November 11, 1994. As thus modified the judgment is affirmed. Each party is to bear its own costs in this court.

CRANE, C.J., and CRAHAN, J., concur.