In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

ZICK, VOSS, POLITTE & RICHARDSON ) No. ED109152
 )
 Respondent, ) Appeal from the Circuit
 ) Court of Franklin County
vs. ) 20AB-AC00743
 )
JEANNETTE M. PUETZ, DAVID M. ) Honorable David L. Hoven
PUETZ, and GERALD B. PUETZ, )
 )
 Appellants. ) Filed: July 20, 2021

Angela T. Quigless, P.J., Kurt S. Odenwald, J., and James M. Dowd, J.

 Opinion

 Introduction

 Three siblings, Jeanette M. Puetz, David M. Puetz, and Gerald B. Puetz, appeal the

judgment of the Circuit Court of Franklin County - Associate Circuit Division denying their

motion to set aside the default judgment entered against them and in favor of their former law

firm, Zick, Voss, Politte & Richardson (ZVPR). The issue before us is whether the court

erroneously applied to this case the dictates of Rules 55.25(a) and 74.05(a) of the Missouri Rules

of Civil Procedure that a defendant who fails to file a responsive pleading to a petition within 30

days of service is subject to the entry of a default judgment, when those rules are inapplicable to

civil cases originally filed in the Associate Circuit Division and governed by chapter 517 of the

Revised Statutes of Missouri. We hold that because the questions of whether and when a
responsive pleading is required are governed by chapter 517, specifically section 517.031.2, not

the Missouri Rules of Civil Procedure, the Puetzes were not in default as a matter of law

pursuant to section 517.031.2, and the trial court therefore erred by applying Rules 55.25(a) and

74.05(a) and in failing to set aside the default judgment. Reversed and remanded.

 Background

 On April 22, 2020, ZVPR filed a petition in the Circuit Court of Franklin County -

Associate Circuit Division against the Puetzes alleging they hired ZVPR to perform legal

services but then failed to pay ZVPR’s bill. The petition sought money damages for the

outstanding balance of $10,019.47, along with interest.1 The petition and summons were served

on the Puetzes by a special process server on May 13, 2020. The summons read:

 You are summoned to appear before this court on the date, time, and location above
 to answer the attached petition. If you fail to do so, judgment by default will be
 taken against you for the relief demanded in the petition. You may be permitted to
 file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have
 any questions regarding responsive pleadings in this case you should consult an
 attorney.

The date and time the Puetzes were summoned to appear was July 6, 2020, at 9 a.m.

 On June 17, nineteen days before the July 6 hearing date that was printed on the

summons, ZVPR filed a motion for default judgment alleging the Puetzes were in default

because they had failed to file a responsive pleading within 30 days of the May 13 service of the

summons. On June 23, ZVPR’s motion was heard, and the trial court entered a default judgment

against the Puetzes in the amount of $10,019.47, plus interest, attorney’s fees, service fees, and

court costs, for a total judgment of $11,657.63.

1
 ZVPR alleged the legal services contract stipulated that interest payable on past due amounts
would accrue at a rate of eighteen percent.
 2
 On the July 6 summons date, the Puetzes appeared at the courthouse but were denied

entry due to Covid-19 restrictions presumably because they no longer had a case on the docket as

a result of the default judgment entered on June 17. Also on July 6, the Puetzes filed their pro se

motion to set aside and vacate the default judgment. Among other arguments, the motion

attacked the default judgment because it was taken prior to the date they were summoned to

appear. On August 8, 2020, the court denied the motion and entered the judgment that is the

subject of this appeal.2 3 4 5

 Standard of Review

 “[Q]uestions of law relating to the authority of the trial court to enter default judgment

are reviewed de novo.” Agnello v. Walker, 306 S.W.3d 666, 676 (Mo. App. W.D. 2010), as

modified (Apr. 27, 2010).

 Discussion

 The Puetzes bring a slew of points on appeal in their pro se brief, but we need only

address one of them. Their fifth point is dispositive in that it demonstrates that the trial court

2
 ZVPR’s motion for attorney’s fees, which was taken with the case, is denied as moot.
3
 ZVPR’s motions to dismiss this appeal and to strike the Puetzes’ reply brief for failure to
comply with Rule 84.04, both taken with the case, are denied because we are able to readily
understand the issues before us based upon the record and the arguments in the briefs. Hoover v.
Hoover, 581 S.W.3d 638, 641 (Mo. App. W.D. 2019), transfer denied (Sept. 3, 2019); Nichols v.
Div. of Emp’t Sec., 399 S.W.3d 901, 904 (Mo. App. W.D. 2013).
4
 ZVPR’s motion to dismiss Gerald Puetz’s appeal because he failed to comply with the
signature requirement of Rule 55.03 in that he failed to sign the appellants’ opening brief is also
denied. Rule 55.03 provides that a party should be given an opportunity to correct a signature
deficiency. We find that Gerald Puetz rectified his Rule 55.03 signature deficiency because he
filed an affidavit in this Court attesting to his support of and interest in this appeal as a party, he
signed the notice of appeal, and he also signed appellants’ reply brief. See Glover v. State, 225
S.W.3d 425, 428 (Mo. banc. 2007).
5
 The Puetzes’ request to supplemental the record on appeal is denied as moot.
 3
lacked the authority to enter the default judgment and therefore erred in failing to set it aside

because the Puetzes were not in default as a matter of law.

I. The Puetzes were not in default when the default judgment was entered.

 Civil actions originally filed in the Associate Circuit Division seeking less than $25,000

in money damages are governed by chapter 517 of the Missouri Revised Statutes. See section

517.011.1.6 And in those actions, the rules of civil procedure apply “except where otherwise

provided by law.” Section 517.021. And one of those exceptions is whether and when a

responsive pleading must be filed.

 Of course, the rule applicable to most civil actions, Rule 55.25 of the Missouri Rules of

Civil Procedure, requires a defendant to “file an answer within thirty days after the service of the

summons and petition.” And “[w]hen a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages

or entitlement to other relief, a judgment may be entered against the defaulting party.” Rule

74.05(a).7

 Chapter 517, however, provides otherwise and therefore preempts Rules 55.25 and

74.05(a). Section 517.031.2 provides:

 Affirmative defenses, counterclaims and cross claims shall be filed in writing not
 later than the return date and time of the summons unless leave to file the same at
 a later date is granted by the court. No other responsive pleading need be filed. If
 no responsive pleading is filed, the statements made in the petition, affirmative
 defenses, counterclaims or cross claims shall be considered denied except as
 provided in section 517.132.

So, in civil cases governed by chapter 517, responsive pleadings are not required in most

instances because by operation of section 517.031.2, the allegations in the petition are deemed

6
 All statutory references are to Mo. Rev. Stat. Cum. Supp. 2020 unless otherwise indicated.
7
 All rule references are to the Missouri Supreme Court Rules (2020).
 4
denied even if the defendant files no responsive pleading.8 This is in keeping with the mandate

in section 517.031.1 that “[t]he pleadings of the petition shall be informal unless the court in its

discretion requires formal pleadings.” Chesterfield Financial Corp. v. North County General

Surgery, Inc., 917 S.W.2d 603, 605 (Mo. App. E.D. 1996)

 Therefore, a defendant cannot be in default in a chapter 517 claim for failure to file a

responsive pleading. A default judgment is only possible under chapter 517 if the defending

party fails to appear in court on the return date or subsequent date to which the case had been

continued. Section 517.131.

 Therefore, the Puetzes’ obligation pursuant to the summons was to appear in court on

July 6 at 9 a.m. They were not, and could not be, in default before that date. Consequently, the

court’s June 23 entry of the judgment by default and its subsequent failure to set it aside based on

its erroneous application of Rules 55.25 and 74.05(a) to this chapter 517 case, were beyond the

court’s authority and manifestly erroneous. Agnello v. Walker, 306 S.W.3d 666, 676 (Mo. App.

W.D. 2010), as modified (Apr. 27, 2010).

 Conclusion

 For the foregoing reasons, the judgment is reversed and remanded.

 _____________________________
 James M. Dowd, Judge

Angela T. Quigless, P.J. and
Kurt S. Odenwald, J. concur.

8
 The exception referenced in the statute to section 517.132 is inapplicable here because it
pertains to written instruments and only requires a responsive pleading when the Chapter 517
claim is based on a written instrument purporting to have been executed by the defendant.
 5